Susan B. Yerkes, Appellant, *v.* Charles McFadden, Sr., et al., Respondents.

In an action against joint debtors, service of summons on one authorizes judgment against all, which may be enforced by execution against the joint property, although the other defendants are not served and do not appear in the action.

So, an attachment issued in an action against several upon a joint liability, may be executed by seizure of the joint property, although the summons is served on but one of the defendants within the time prescribed, and no service by publication is commenced within that time, or if commenced is not continued to completion.

Accordingly *held*, where an attachment was issued against the members of a firm as non-residents, under which the firm property was levied upon, and a service of summons by publication was commenced, but was not completed, in one of the designated newpapers within the thirty days, but personal service was made on one of the defendants, that the lien of the attachment was not lost by the failure to complete the service by publication, nor could the attachment be vacated as against any of the defendants.

(Submitted January 15, 1894; decided January 30, 1894.)

Appeal from order of the General Term of the Supreme Court in the fourth judicial department, made December 9, 1892, which reversed an order of Special Term denying a motion by defendants to vacate an attachment.

This action was brought against defendants, who were non-residents, as co-partners, to recover rent due, etc., under a lease.

On August 1, 1892, an order was obtained for service of the summons by publication, and on August 15, 1892, a warrant of attachment was procured and a levy made thereunder upon partnership property. The publication of the summons was commenced during the first week in August in two news-papers, and, as directed by the order, continued for six weeks in one of them, but in the other, by mistake of the printer, was discontinued after a publication for five weeks, but after an interval of two weeks, upon discovery of the mistake, it was renewed and directed to be continued for six weeks. On August 26, 1892, the summons was personally served upon

one of the defendants, but no personal service was made on the other two.

*John M. Roe* for appellant. In this case publication had been commenced and was made complete by a continuance thereof, until the full six successive weeks were complete in each paper. (Code Civ. Pro. § 638.) If the service of the summons has been commenced by publication before the attachment has been granted, the requirements of the statute as to service have been sufficiently complied with. (1 Rumsey's Pr. 516; *Baron* v. *Biaren*, 3 Law Bull. 49; Code Civ. Pro. § 638.) The fact that an attachment has been vacated does not affect the validity of an order of publication of the summons subsequently obtained or entitle the defendant to have it vacated, but the plaintiff will be obliged to sue out another attachment and make a levy before he can take judgment. (*Putman* v. *Griffin*, 19 Wkly. Dig. 46.) Service by publication having been commenced it must be made complete by a continuance thereof, and such service and continuance are then governed by sections 440 and 441 of the Code. (Code Civ. Pro. § 638.) The statute does not require publication in both papers to be made at the same time. (*M. A. Bank* v. *P. N. Bank*, 89 N. Y. 387; *Steinle* v. *Ball*, 12 Abb. [N. S.] 171.) The court must disregard errors that do not affect the substantial rights of the parties. (Code Civ. Pro. § 723.) The object of the publication is to give notice by means of the newspapers and to bring the defendant into court, and the language of the Code (§ 638), that if publication has been or is thereafter commenced the service must be made complete by the continuance thereof, means simply that when the service relied upon as the ground of jurisdiction is publication, it must be not partial and merely commenced but continued and entirely complete. (*M. N. Bank* v. *P. N. Bank*, 89 N. Y. 400; *Steinle* v. *Ball*, 12 Abb. [N. S.] 179; *Tuller* v. *Beck*, 108 N. Y. 355.)

*O. P. Hurd* for respondent. The plaintiff has failed to comply with section 638 of the Code. (*Dunell* v. *Williams*,

21 Hun, 216 ; *Bogart* v. *Sweezy*, 26 id. 463 ; *Coun sitt* v. *Win-chel*, 39 Hun, 439 ; *Taddiken* v. *Cantrell*, 1 id. 710 ; *Waffle* v. *Goble*, 53 Barb. 517 ; *Simpson* v. *Burch*, 4 Hun, 315 ; *Tay-lor* v. *Troncoso*, 75 N. Y. 590 ; *Betzman* v. *Brooks*, 31 Hun, 271.) A new order for publication of the summons should have been obtained when the second attachment was granted. (Code Civ. Pro. § 638.) Where the publication of the summons is once commenced the service must be made complete by the continuance thereof. (*Fuller* v. *Beck*, 108 N. Y. 355 ; 89 id. 397.) Personal service of the summons on Charles McFadden, Jr., would not continue the lien of the attachment on the firm property if there was a failure to serve on the other defendants as provided by section 638 of the Code. (*Donnell* v. *Williams*, 21 Hun, 216.)

Andrews, Ch. J.   We think the General Term erred in vacating the attachment as to the two appellants in that court, although publication was not commenced against them within the prescribed period. The action was upon a joint liability of the three defendants. Personal service was made on the third defendant Aug. 26, 1892, thirteen days after the warrant of attachment was granted, and the attachment was levied on the joint property of the firm.   In an action against joint debtors service of summons on one authorizes judgment against all, which may be enforced by execution against the joint property, although the other defendants are not served, and do not appear in the action.   (Code, §§ 1932 to 1935 inclusive ; *Stern-berger* v. *Bernheimer*, 121 N. Y. 194.) The same rule applies in case of an attachment.   Where an attachment issues against the property of several defendants in an action on a joint liability, it may be executed by a seizure of the joint prop-erty, and although the summons is served on but one of the defendants within the time prescribed, and no service is made or publication commenced against the other defendants, the attachment cannot be vacated as to them for that reason.   The attachment and the lien continues, and if the plaintiff obtains judgment on the joint liability, the joint property seized on

the attachment may be sold on the execution. The right to seize the joint property on an attachment in an action against joint debtors, although the summons is served on one only, is the same as in case of an execution on a joint judgment under similar circumstances. (*Smith* v. *Orser*, 42 N. Y. 132.) The case of *Staats* v. *Bristow* (73 N. Y. 264), has no bearing upon this question. There, in an action brought for a co-partnership debt an attachment was issued against the property of one of the co-partners only, on the ground that he was a non-resident, on which his interest in the co-partnership property was levied upon. The co-partnership at the time was insolvent. After the seizure on the attachment the firm made a general assignment for the benefit of creditors, and subsequently, on obtaining judgment in the attachment action, the interest of the attachment debtor in the firm property was sold on execution. An action was brought to determine the respective rights of the purchaser on the execution sale, and of the assignee for creditors in the property, and it was held that the plaintiff acquired nothing by his levy and sale, because the interest of the attachment debtor in the property was nothing, as the firm was insolvent, and that the assignee acquired title to the *corpus* of the property under the assignment.

In this case the attachment was against the joint property, and if good as against one of the defendants, was good against all. The lien was not lost, nor could the attachment be vacated as against any of the defendants, there having been a valid service of the summons within the time prescribed by sec. 638 of the Code, upon one of the defendants.

The order of the General Term should be reversed and the order of the Special Term affirmed, with costs.

All concur.

Ordered accordingly.