(10 App. Div. 62.)

LUDWIG et al. v. LAZARUS et al.

(Supreme Court, Appellate Division, First Department. November 13, 1896.)

1. Injunction—Restraining Dispossessory Proceedings.
   Injunction will not lie against enforcement of judgment in dispossessory proceedings pending an appeal therefrom, since the statute regulating such proceedings prescribes a method for obtaining a stay pending appeal.

2. Summary Proceedings—Process—Service on Partners.
   The precept in summary proceedings to dispossess a firm need not be served on each member of the firm, but a service on one of them is sufficient.

Appeal from special term, New York county.

Action by Bernhard J. Ludwig and others against Sarah Lazarus and others to restrain defendants from interfering with plaintiff's possession of premises No. 36 West Fourteenth street in the city of New York. An injunction was granted, and defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

N. S. Spencer, for appellants.
W. Strauss, for respondents.

VAN BRUNT, P. J.   This action seems to have been instituted for the purpose of procuring a stay pending the appeal from a judgment entered in dispossess proceedings against the plaintiffs. There is no ground for the maintenance of such an action. The law has provided for the procedure in cases of this description, and courts of equity cannot be appealed to to secure stays of proceedings which the statute prohibits. It is sought to maintain this suit, however, upon the ground that the district court which entertained the dispossess proceedings had no jurisdiction, because it did not appear from the record that the plaintiff Isidor Ludwig was served with the precept in the manner prescribed by the Code. It appears from the papers that Bernhard J. Ludwig, the plaintiff, was the lessee of the premises in question, and that they were occupied by Ludwig Bros. as undertenants, said firm being composed of Bernhard and Isidor Ludwig. It further appears, from the papers as presented upon the part of the defendants, that Isidor Ludwig is a person of unsound mind, and absent from the city. There is no dispute but that Bernhard was duly served with the precept, and we are not aware of any rule in proceedings of this nature, where the premises are in the possession of a firm, which requires that each member of the firm shall be served with the precept in order to authorize the district court to entertain the proceeding and to issue its warrant for the dispossession of the firm. Bernhard J. Ludwig, a member of the firm, being duly served, the magistrate had jurisdiction to entertain the

proceeding and to issue the final warrant.    The lessee and the un-
dertenants were served.    Hence the proceeding was regular.

We are therefore of the opinion that the injunction should not
have been granted, and that the order appealed from should be
reversed, with $10 costs and disbursements, and the motion for an
injunction pendente lite denied, with $10 costs.    All concur.

---

### KUHNEN v. UNION RY. CO. OF NEW YORK CITY.

(Supreme Court, Appellate Division, First Department.  November 13, 1896.)

STREET RAILROADS—INJURY TO PERSON ON TRACK—NEGLIGENCE.

  No negligence is shown on the part of the motorman on defendant's car
  which struck plaintiff as he attempted to cross the track in the middle of the
  block, about dusk, on a foggy evening, where the car was brilliantly lighted,
  and plaintiff's view of it was unobstructed, and there is no evidence as to how
  long he was on the track before he was struck, or that the motorman could
  have stopped the car after plaintiff went on the track.

Appeal from trial term, New York county.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY,
O'BRIEN, and INGRAHAM, JJ.