(39 App. Div. 477.)

SCHWARZSCHILD & SULZBERGER CO. v. MATHEWS et al.

(Supreme Court, Appellate Division, First Department. April 7, 1899.)

1. CREDITORS' SUIT—AID OF EXECUTION—ABATEMENT.
 A suit, in aid of an execution, to set aside a fraudulent transfer, does not abate by the expiration of the time for returning the execution, because the rights of the parties are to be determined as of the date of the commencement of the suit.

2. APPEAL—REVIEW—FINDINGS.
 A decision merely stating the grounds on which it is based, without stating separately the facts found, is within Code Civ. Proc. § 1022, providing that the appellate division shall review all questions of fact and of law, if the decision excepted to does not separately state the facts found.

3. SAME—FRAUDULENT CONVEYANCES—CHATTEL MORTGAGE.
 A chattel mortgage given as security for a present loan, a pre-existing debt, and for a debt of one of the members of the mortgagor firm, which the firm had guarantied, was, through failure to file it, invalidated; and, after the commencement of attachment proceedings against the mortgagor by other creditors, the mortgagee obtained a judgment for the debt secured by the mortgage, and in part payment thereof the debtors transferred to him the property covered by the mortgage, the attachment having never been levied on it. The sum allowed as a credit for the property was adequate. After recovering a judgment in the attachment suit, the judgment creditor sued, in aid of an execution thereon, the debtor and the transferee of the property, to set aside the chattel mortgage as fraudulent; and the transferee answered, claiming title to the property under the bill of sale only. *Held*, that the suit was properly dismissed, since the bill of sale and the judgment were valid, and the mortgage, though void, was no obstruction to the execution.

4. FRAUDULENT CONVEYANCES—JUDGMENT.
 Service in a suit against a partnership was had on only one of the partners, whose individual answer was stricken, whereupon judgment was entered against defendants jointly; and after its entry the debtors transferred partnership property to the creditor in part payment, no part of the judgment being satisfied, but there being no attempt to enforce it for more than the balance due. *Held*, that the judgment was not fraudulent as against creditors.

Appeal from special term, New York county.

Action by the Schwarzschild & Sulzberger Company against John J. Mathews, impleaded with others. There was a judgment for defendants, and plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

Daniel P. Hays, for appellant.

De Witt Bailey, for respondents.

BARRETT, J. This is an appeal from a judgment entered upon a decision which did not state separately the facts found. It was in this respect such a decision as is authorized by section 1022 of the Code of Civil Procedure. It stated concisely the grounds upon which the issues were decided, and directed judgment for the defendant Mathews to be entered thereon. We think the grounds assigned for the decision untenable. The action was in equity to remove what were alleged to be fraudulent obstructions to a levy under an outstanding execution issued upon a judgment in favor of the plaintiff against the defendants Fife & Petty. The case was tried upon the merits, but the learned trial judge, instead of determining whether the obstructions to the levy were in fact fraudulent, simply held that the plaintiff could not maintain its action because the time for returning the execution passed while the suit was taking its ordinary course on the road to trial. The effect of this decision, if sustained, would be to throw every such plaintiff out of court unless he could manage to bring his action to trial within 60 days from its commencement. We need not now discuss this question. It was fully considered by this court in Bank v. Brewster, 15 App. Div. 339, 44 N. Y. Supp. 54. We there held that the rights of the plaintiff in such an outstanding execution were not defeated by his inability to bring his case to trial within 60 days from the date when the execution was issued. His rights, we said, "were to be determined with reference to the condition of things existing at the time the action was commenced. The court affords the relief to which the plaintiff was then entitled." It follows, if we are limited upon this appeal to a review of the reasons assigned by the learned trial judge for his decision, that the judgment should be reversed. But we are not thus limited. On the contrary, we are bound, under the express provisions of the section of the Code already cited, to review all questions of fact and of law presented by the record now before us. This is the language of the section:

"Whenever judgment is entered on a decision which does not state separately the facts found, the defeated party may file an exception to such decision, in which case, on an appeal from the judgment entered thereon, upon a case containing exceptions, the appellate division of the supreme court shall review all questions of fact and of law, and may either modify or affirm the judgment, or order appealed from, award a new trial, or grant to either party the judgment which the facts warrant."

In the case at bar the plaintiff duly filed an exception to the decision. The decision was "that the defendant Mathews is entitled to judgment dismissing the complaint on the merits, with costs." It is that decision which, upon an exception thereto filed by the de-

feated party, is brought up for review. And it is with respect to that decision that the appellate division is required, upon a "case containing exceptions,"—which we have here,—to review all questions of fact and of law. We have accordingly gone through this case containing exceptions, and have reviewed all questions of fact and of law appearing therein. Our conclusion upon that review is that the decision of the learned trial judge was entirely correct, and that the instruments alleged to be obstructions to the levy of the plaintiff's outstanding execution were not fraudulent, but were in fact bona fide.

The specific obstructions complained of were a mortgage executed by the defendants Fife & Petty to the defendant Mathews on November 21, 1896, and a judgment recovered against Fife & Petty by Mathews on February 3, 1897. The judgment debtors were engaged in conducting the Metropolitan Hotel in the city of New York, and the mortgage was upon the fixtures and furniture of the hotel. At the time it was executed, Mathews loaned Fife & Petty $5,000. He had previously loaned $5,000 to the firm, and $6,000 to Petty individually; and the mortgage was made to secure the whole sum of $16,000. Mathews did not file the mortgage until the latter part of January, 1897, when he took possession of the property through an agent. On January 26, 1897, the plaintiff obtained an attachment against the property of Fife & Petty, and under it levied upon certain property in the hotel. No attempt, however, was made to levy upon any of the property covered by the mortgage. On January 27, 1897, Mathews began an action against Fife & Petty to recover the $16,000. The summons and complaint were served upon Petty only. He answered, but the answer was held insufficient, and judgment was granted to Mathews upon the pleadings. This judgment was entered February 3, 1897, and execution was issued upon it the same day. The following day Petty had an interview with Mathews' attorney, and was informed that the mortgage was void, and that, if his firm would make a bill of sale to Mathews of the property covered by the mortgage, it would be accepted in payment of $10,000 of the debt. Petty consented to this, and he executed and delivered the bill of sale; the property being already in Mathews' possession. The plaintiff recovered its judgment on April 8, 1897, and issued an execution the same day, which is still outstanding. This action was begun on April 17, 1897. The complaint demands that the mortgage and judgment be set aside, but asks no relief with reference to the bill of sale. The answer of the respondent Mathews sets up the latter as a source of title. We think the plaintiff entirely failed to make out a case. That Mathews loaned $10,000 to the firm of Fife & Petty, and $6,000 to Petty individually, is quite undisputed. That the latter debt was assured by the firm is proved by the overwhelming weight of evidence, which shows that this was the actual understanding and agreement of the parties. The mortgage was invalidated by the failure to file it, but it was perfectly competent for Fife & Petty to transfer the property to Mathews, the mortgagee, in extinguishment of a portion of their debt to him; and, if this transfer was made before any other creditor obtained a lien upon the

property, Mathews obtained a good title. Bowdish v. Page, 153 N. Y. 104, 47 N. E. 44. The plaintiff had not obtained a lien upon the property when it was transferred to Mathews. No levy was made upon this property under the attachment, and the plaintiff's judgment was not obtained until after the transfer by the bill of sale. Petty individually had power and authority to execute the bill of sale. Mabbett v. White, 12 N. Y. 442; Bulger v. Rosa, 119 N. Y. 460, 467, 24 N. E. 853. No attempt was made to prove that $10,000 was not a fair price for the property. On the contrary, the only evidence on the point tends to prove that the goods were worth not more than $8,000, and they brought only $7,020 when sold by the receiver.

The attack on the judgment is equally unfounded. As has been stated, the decisive weight of evidence shows that the firm of Fife & Petty owed Mathews $16,000 when he began his action against them. No honest defense could have been interposed in that action, and it is not surprising that the truthful answer put in by Petty was held to be insufficient. After the court had decided that the facts stated in Petty's answer constituted no defense, he was certainly not bound to, and indeed he could not, resist further. The judgment which followed was properly rendered against the defendants jointly, upon service of the summons on Petty alone. Yerkes v. McFadden, 141 N. Y. 136, 36 N. E. 7. At the time this judgment was entered, the bill of sale had not been executed, and consequently the full $16,000 was due. There has been no attempt, since the transfer under the bill of sale, to enforce the judgment for any more than was actually left unpaid.

It is said—and quite correctly—that, if the mortgage and judgment were obtained with fraudulent intent, they were void, though given for an honest debt; and it is contended that there was here such fraudulent intent. The latter contention is wholly unfounded. The sole intention was to secure to Mathews the payment of his debt, and the method adopted was designed to effect that legitimate end. It was neither designed nor used to shield Fife & Petty against their other creditors.

As the judgment and bill of sale were valid, it was proper to dismiss the complaint. The void mortgage was in no sense an obstruction to the plaintiff's levy. The only obstructions to such levy, in existence at the time of the issuing of the plaintiff's execution, were the valid bill of sale and judgment.

It follows that the judgment appealed from was right, and should be affirmed, with costs. All concur.