COHEN v. MELLE.

(Supreme Court, Appellate Term. February 4, 1904.)

1. LANDLORD AND TENANT—SUMMARY PROCEEDINGS FOR POSSESSION—COSTS—MUNICIPAL COURT.

The Municipal Court Act, § 1, subd. 12 (Laws 1902, p. 1489, c. 580), confers jurisdiction on the Municipal Court of the city of New York in "summary proceedings under Code Civ. Proc. tit. 2, c. 17, to recover possession of real property." In the title referred to, Code Civ. Proc. § 2249, requires the final order in the proceedings to award costs to the prevailing party, and section 2250 provides that these costs must be at the rate allowed in a justice's court. Code Civ. Proc. § 3074, relative to justice's courts, awards costs to the prevailing party, consisting of the fees allowed by law for services necessarily rendered in the action at the request of the party entitled to costs, or paid by him, as prescribed by law, and of such other expenses as the party is entitled to include in his costs by express provision of law. *Held*, that the Municipal Court had authority to allow the defendant costs on the discontinuance of summary proceedings. ·

2. SAME—AMOUNT.

As Code Civ. Proc. § 2250, provides that these costs "are limited in like manner" as costs in an action in a justice's court, a defendant was entitled to receive his actual disbursements to the extent of $10, besides the fees of witnesses coming from out of the county, if any, under Code Civ. Proc. § 3076, granting such costs in all cases, with certain exceptions.

Appeal from Municipal Court, Borough of Manhattan.

Summary proceedings by Cassel Cohen against Michele Melle to recover possession of leased premises. From an order disallowing defendant disbursements as costs, and failing to award him his actual disbursements after a discontinuance by the plaintiff, defendant appeals. Modified.

Argued before FREEDMAN, P. J., and MacLEAN and DAVIS, JJ.

Palmieri & Mechsler, for appellant.

Steuer & Hoffman (Max D. Steuer, of counsel), for respondent.

DAVIS, J. The plaintiff began this proceeding in August, 1903, to recover possession of certain portions of the premises Nos. 332 and 336 East Fifteenth street, New York City, on the ground that the tenant was holding over beyond his term without permission of the landlord. After the disagreement of the jury at a trial had August 11, 1903, the case was set down to be retried on August 25th following. On the latter date the proceeding was discontinued on the application of the landlord, the justice awarding $15 costs to the tenant. The precept bears an indorsement to that effect. The amount allowed as costs consisted solely of disbursements for jury fees and witnesses fees. Subsequently, and on August 26, 1903, the landlord obtained an order requiring the tenant to show cause why the sum of $15 awarded upon the discontinuance should not be disallowed, the landlord claiming that there was no legal authority for awarding costs in proceedings of this nature in the Municipal Court. The hearing upon the order to show cause resulted in an order made September 14, 1903, partly as follows: "Ordered, that the sum of fifteen dollars disbursements allowed herein upon the discontinuance of this proceeding be, and the same is hereby, disallowed." On September 15, 1903, a final order was made, as follows: "The above-named landlord having applied to the court for discontinuance in the above-entitled proceeding before final submission, now, on motion of attorneys for the landlord, it is ordered and adjudged that the above-entitled proceeding be, and the same hereby is, dismissed without prejudice for a new proceeding, and without any costs or disbursements to the tenant herein." From the order of September 14, 1903, and from so much of the final order of September 15, 1903, as fails to award him his actual disbursements in the proceeding, the tenant has appealed.

The specific ground upon which the justice refused to allow the defendant his disbursements as costs was that in his opinion there was no provision of law authorizing any costs on the discontinuance of summary proceedings brought in the Municipal Court of the city of New York. On this point I differ with the learned justice. The jurisdiction of the Municipal Court in summary proceedings is based on section 1, subd. 12, Municipal Court Act (Laws 1902, p. 1489, c. 580). Under this provision jurisdiction is conferred in "summary proceedings under title two of chapter seventeen of the Code of Civil Procedure to recover possession of real property which, or a portion of which, is situated within the district wherein the application for such recovery is made. * *₀ *"

Other than the above enactment, there is no provision of the Municipal Court act under which costs may be allowed in summary proceedings. Referring now to the Code sections thus incorporated into the Municipal Court act, we find that title 2 has to do with "Summary Proceedings to Recover Possession of Real Property," and furnishes a complete system of procedure. Under section 2249 the final order in the proceedings must award costs to the prevailing party, and section 2250 provides that these costs "must be at the rate allowed by law in

an action in a justice's court and are limited in like manner.　＊　＊　＊"
Costs in an action in a justice's court are governed by section 3074 to
3081, inclusive.　Section 3074 awards costs to the prevailing party, and
defines "costs" as consisting "of the fees allowed by law for services
necessarily rendered in the action at the request of the party entitled
to costs, or paid by him, as prescribed by law; and of such other ex-
penses as the party is entitled to include in his costs by express pro-
vision of law.　＊　＊　＊"　Then section 3076 limits the amount of
costs in certain cases mentioned to $15 besides witnesses fees, and in
all other cases to $10 besides fees of witnesses attending from another
county.　Subdivision 2, § 3076.　Under section 3078 the justice must
specify in his docket book the items of costs allowed by him, and the
party must show on oath that the item was actually and legally paid
or incurred.　The significance of this last section is that it shows that
costs in a justice's court consists only of disbursements for fees and
expenses.　These remarks, of course, have no reference to costs on ap-
peal, which are provided for in another title.

It follows from these considerations that the prevailing party is en-
titled to certain amounts as costs in summary proceedings in the
Municipal Court.　Those costs, however, consist only of disbursements
actually made or expenses actually incurred, and may not exceed $15
and witness fees in certain cases (Code Civ. Proc. § 3076, subd. 1), and
in all other cases they are limited to $10, besides fees of witnesses from
out of the county (Id. § 3076, subd. 2).

In the case at bar the landlord voluntarily discontinued his proceed-
ing before final submission, and an order in the nature of a final order
was made dismissing the proceeding without prejudice to a new pro-
ceeding.　The tenant was the prevailing party, and as such was entitled
to the costs of the special proceeding.　Id. § 2249.　The discontinuance
of a summary proceeding in a Municipal Court is similar in effect to
the discontinuance of an action in a justice's court.　In the one case
there must be a final order awarding costs limited in the manner re-
ferred to above, and in the other there must be a judgment of nonsuit
with costs.　Id. § 3013.

Therefore, in view of the fact that the Code provisions referred to
above allow costs in summary proceedings "at the rate allowed by law
in an action in justice's courts," with like limitations (section 2250), and
in view of the further fact that these Code provisions have been incor-
porated in the Municipal Court act (section 1, subd. 12), I am of opinion
that the tenant was entitled to receive his actual disbursements to the
extent of $10, besides the fees of witnesses coming from out of the
county, if any, as provided in subdivision 2 of section 3076 of the Code
of Civil Procedure.

Under the circumstances, I think that the order of September 14,
1903, disallowing the $15 as costs, should be reversed, and that the
final order made on September 15, 1903, by which the proceeding was
dismissed, should be so modified as to award the tenant as costs his
actual disbursements, not exceeding $10, besides the fees of witnesses,
if any, coming from out the county, and as so modified the order should
be affirmed, with costs to the appellant.　All concur.