Matter of the Application of DAVID ROSS that a Peremptory Writ of Mandamus Issue to JAMES W. TUOMEY, as Clerk of the Municipal Court of the City of New York, Borough of Brooklyn, Seventh District.*

(Supreme Court, Kings Special Term, January, 1919.)

*Costs — error in taxation — summary proceedings — Code Civ. Pro. § 3076 (2) — when mandamus will not lie to compel restoration of costs as originally taxed.*

MOTION for a peremptory writ of mandamus.

Van Zandt & Webb, for petitioner.

William P. Burr, corporation counsel, for respondent.

CALLAGHAN, J. The relator was the successful party in a proceeding brought in the Municipal Court to dispossess him from certain premises. The final order awarded to the relator costs of the proceeding. Upon application of the relator, who is an attorney, the deputy clerk of the Municipal Court taxed costs at eighty-one dollars, which included six dollars disbursements. The defeated party in that proceeding

---

*Affirmed by Appellate Division, Second Department, April 25, 1919.—[REPR.

had no knowledge that the costs had been so taxed until after his time to retax pursuant to section 171 of the Municipal Court Code and his time to appeal had expired. The clerk of that court, so far as appears, voluntarily altered the final order so as to rescind and correct the taxation of costs and allowed only the item of six dollars disbursements. The relator now seeks by a writ of mandamus to compel the clerk to restore the costs as originally taxed. There is no provision of law allowing the amount of costs as taxed. The authority for costs in a summary proceeding is found in section 3076, subdivision 2, of the Code of Civil Procedure. Under that provision the maximum amount to be allowed is ten dollars and disbursements in certain cases. *Cohen* v. *Melle,* 43 Misc. Rep. 79. The clerk therefore had no power to tax the costs and disbursements at eighty-one dollars. His act in so doing was, however, only an irregularity. It is claimed here that this motion presents for determination the broad proposition of the right of a clerk to alter judgments of the court after they have become a finality, and cannot be disturbed by appeal or by a motion addressed to the court. Of course the clerk has no such power, and one cannot successfully or seriously argue that he has. It is rare that the situation here presented arises. The clerk no doubt honestly attempted to correct what was a manifest error. We are now confronted with the question as to whether this court should by mandamus compel the clerk to restore the costs to the final order. To do so would be to lend the power of this court to the enforcement of a judgment for costs which the unsuccessful party in the dispossess proceeding was never legally obligated to pay. The power of the writ of mandamus would thus be used not to prevent a failure of justice, but to promote an injustice. Such is not its office. *People ex rel. Wood*

v. *Assessors,* 137 N. Y. 201. The writ of mandamus may be granted or refused in the sound discretion of the court. *Matter of Village of Waverly,* 35 App. Div. 38; *Matter of Hart,* 159 N. Y. 284. Under the peculiar circumstances here presented it seems to me that the discretion of the court should be exercised against the relator. The motion is therefore denied. No costs.

Motion denied.   No costs.