The judgment and order appealed from should be reversed and the defendants' demurrer to the indictment overruled.

Clarke, P. J., Dowling and Smith, JJ., concur.

Judgment and order reversed and defendants' demurrer overruled.

---

George P. Bakalas, Respondent, *v.* Socrates Moscahlades, Defendant, Impleaded with George Moscahlades, Appellant, Individually and as Copartners Doing Business under the Firm Name and Style of Moscahlades Brothers, Defendants.

First Department, November 17, 1922.

Attachment — action against partners — one partner non-resident — attachment, granted against both defendants, directed solely to personal property of individual defendants — first publication of summons against non-resident defendant not made within thirty days after warrant granted — warrant vacated as to non-resident.

The warrant of attachment granted in this action on the ground of non-residence, was directed solely against the personal property of the individual defendants, who were partners. Personal service of the summons was made on the resident partner, but the first publication of the summons directed to the non-resident partner was not made within thirty days after the warrant was granted.

*Held*, that the court lost jurisdiction over the non-resident defendant through the failure of the plaintiff to publish the summons within thirty days after the warrant was granted and that as the warrant was directed solely against the personal property of the individual defendants, the summons should be set aside and the attachment vacated as to the non-resident defendant.

Dowling, J., dissents.

Appeal by the defendant, George Moscahlades, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of August, 1922, denying his motion, made upon a special appearance, to vacate a warrant of attachment as to him, and to set aside the attempted service of the summons upon him by publication, upon the ground that such service was not commenced nor personal service made within thirty days after the granting of the warrant as required by section 905 of the Civil Practice Act.

*Walter F. Welch,* for the appellant.

*Shearman & Sterling* [*Francis N. Bangs* of counsel], for the respondent.

GREENBAUM, J.:

The warrant was granted on June 5, 1922, and the first publication of the summons was made on July 8, 1922, more than thirty days thereafter. The motion to vacate the warrant and to set aside the service of the summons was denied under the authority of *Yerkes* v. *McFadden* (141 N. Y. 136).

The warrant recites that the action is brought to recover the sum of $21,792.20, " the balance due and owing from the defendants to the plaintiff as shown in the account annexed to the complaint herein," and " that one of the said defendants, namely, George Moscahlades, is a non-resident of the State of New York."

The attachment commands the sheriff of the county of New York " to attach and keep safely so much of the property within your county which the said Socrates and George Moscahlades or each of them, the defendants herein, have or which they may have at any time before final judgment in this action as will satisfy the plaintiff's demand of $21,792.20," etc.

The warrant of attachment is directed solely against the personal property of the individual defendants. The moving papers show that the defendant Socrates Moscahlades, a resident partner, had theretofore moved *inter alia* to modify the warrant of attachment by striking out his name therefrom; that his motion was granted to that extent; and that an order was thereupon entered striking out his name from the attachment so that it ran only against the individual property of the appellant, the non-resident partner, George Moscahlades.

There is no room for difference of opinion upon the proposition that the failure to begin publication within thirty days after the granting of the warrant of attachment is fatal. (Civ. Prac. Act, §§ 825, 905; *Blossom* v. *Estes,* 84 N. Y. 614, 617.) Indeed the respondent in its brief makes no attempt to uphold the service of the summons. It follows that the court has lost jurisdiction over the non-resident defendant.

It is difficult to understand how the case of *Yerkes* v. *McFadden* (*supra*) applies to the facts in this case. In that action three partners were sued, all of whom were non-residents. The attachment was procured on the ground of non-residence, and it appears that as to two of the three partners the attempted service by publication was defective, but with respect to the third partner, the service was proper. All that the court held was that in an action against

joint debtors, the service of a summons by publication on one of the joint debtors is sufficient to uphold the warrant of attachment against the joint property of the copartners. The question of a levy upon the joint property of defendants is not involved in the application under review. A good service was effected upon Socrates Moscahlades in this State, and the action is not abated by vacating the warrant of attachment, and if judgment be rendered in favor of the plaintiff, execution would follow as matter of course against the partnership property and the individual property of Socrates, who alone was served. There seems to be no alternative but to reverse the order appealed from and to set aside the service of the summons and to vacate the attachment.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., PAGE and FINCH, JJ., concur; DOWLING, J., dissents.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.