45 MAIDEN LANE, INC., Landlord, *v.* REYNOLDS BUFFETS, INC., Tenant.

ADOLPH SCHWOB, INC., Intervenor.

Municipal Court of New York, Borough of Manhattan, First District, September 23, 1931.

*Kreutzer & Slack* [*Joseph Levine* of counsel], for the landlord.

*Sidney C. Crane*, for the tenant.

*George A. Ferris*, for the intervenor.

ROSALSKY, J. On February 18, 1919, Lawyers Realty Company, as landlord, leased the entire building situate at No. 45 Maiden Lane, New York city, to Adolph Schwob, Inc., as tenant, for a term of twenty-one years. Lawyers Realty Company thereafter conveyed the property, subject to the lease, to Liberty Place Holding Corporation. On November 24, 1919, Adolph Schwob, Inc., assigned the lease to 45 Maiden Lane, Inc., with the proviso that the former would remain liable to the owner in fee for performance of the terms of the lease so assigned, and guaranteed such performance thereof by the assignee. Even without this proviso, Adolph Schwob, Inc., would have continued to be so liable under the privity of contract arising from the original lease. (*N. Y. Business Buildings Corp.* v. *McCutcheon*, 229 App. Div. 681; *Gillette Bros.* v. *Aristocrat Restaurant*, 239 N. Y. 87, 90.)

On December 20, 1929, Liberty Place Holding Corporation, as landlord, commenced a summary proceeding to recover possession of the entire premises for non-payment of rent and taxes, against Adolph Schwob, Inc., as tenant, 45 Maiden Lane, Inc., as assignee, and certain undertenants. In that summary proceeding on December 31, 1929, Adolph Schwob, Inc., obtained an order bringing in Birdco Realty Corporation, indemnitor on the lease to Adolph Schwob, Inc., as a party. The latter then served an answer on 45 Maiden Lane, Inc., as assignee of the lease, and Birdco Realty Corporation as indemnitor.

On January 13, 1930, while such summary proceeding was still pending and undetermined, Adolph Schwob, Inc., Birdco Realty Corporation and 45 Maiden Lane, Inc., entered into a written agreement termed an " assignment of rents," whereby the rents of the premises in question were assigned to Adolph Schwob, Inc. Two days later, on January 15, 1930, a final order was entered in said summary proceeding upon consent of Liberty Place Holding Corporation and ᵗAdolph Schwob, Inc. (said 45 Maiden Lane, Inc., and Birdco Realty Corporation not having appeared), which final order provided for judgment being entered in favor of Liberty Place Holding Corporation as owner of the fee, against Adolph Schwob, Inc., as tenant. It provided, further, that judgment be entered in favor of Adolph Schwob, Inc., against 45 Maiden Lane, Inc., and Birdco Realty Corporation for the unpaid rent and taxes. Adolph Schwob, Inc., then paid the judgment so obtained against it by Liberty Place Holding Corporation for unpaid rent and taxes in the sum of $3,716.80.

Under the final order, judgment was entered by Adolph Schwob, Inc., against 45 Maiden Lane, Inc., and Birdco Realty Corporation. The latter two parties, while not questioning the final order awarding possession of the premises, moved to vacate the money judgment entered against them. From an order denying their motion they appealed to the Appellate Term, which reversed the judgment and rendered the following opinion (136 Misc. 405): " PER CURIAM: Summary proceedings are entirely statutory (*Handshke* v. *Loysen*, 203 App. Div. 21, 22; *Maneely* v. *Mayers*, 43 Misc. 380, 383), and the statute (Civ. Prac. Act, §§ 1410–1447) contains no provision for bringing in as a party to such a proceeding by supplemental summons the lessee's indemnitor and the awarding of damages in favor of the lessee against the lessee's assignee and the indemnitor. Section 193 of the Civil Practice Act is not applicable to summary proceedings. Order reversed, motion granted and judgment vacated."

Adolph Schwob, Inc., then appealed to the Appellate Division, where this determination was affirmed (229 App. Div. 842).

It is not disputed that since January 13, 1930, when the agreement termed " assignment of rents " was made, Adolph Schwob, Inc., has collected the rents of the premises, which consists of a building occupied by different subtenants for business purposes exclusively. In turn, Adolph Schwob, Inc., paid the leased rental to the owner of the fee. This continued for upwards of eighteen months. On July 31, 1931, 45 Maiden Lane, Inc., notified the subtenants in writing (including the subtenant in this proceeding) not to pay the rents to Adolph Schwob, Inc., as theretofore, but thereafter to pay such rents to 45 Maiden Lane, Inc. The subtenants turned over the notices to Adolph Schwob, Inc., who on August 3, 1931, wrote them to continue paying the rent to it and not to 45 Maiden Lane, Inc.

This summary proceeding followed. The subtenants disclaim any default, but are willing and offer to pay the rents to the party lawfully entitled to receive them. Naturally, they do not wish to be met with a double liability for the same rent.

Adolph Schwob, Inc., intervened in this proceeding pursuant to section 1425 of the Civil Practice Act permitting " any person in possession or claiming possession of the premises or a part thereof " so to do. It answered the petition, asserting its right to collect the rents from the subtenants under an assignment of rents in writing dated May 31, 1928, supplemented by the written agreement of January 13, 1930, and the facts and circumstances now shown to exist.

The testimony is undisputed that since Adolph Schwob, Inc.,

paid the judgment for rent and taxes in arrears to the owner of the fee in January, 1930, it has been in possession of the property, collected the rents from the subtenants, and in turn paid the rent to the owner of the fee. Adolph Schwob, Inc., has not been repaid any part of the amount of the judgment it satisfied. The income from the rents collected from the subtenants has been insufficient to pay the leased rental and carrying charges of the property. There has always been a deficit.

45 Maiden Lane, Inc., claims to be entitled to the rents from the subtenants because by the assignment of rents to Adolph Schwob, Inc., of January 13, 1930, such rents were assigned " in payment of rents, taxes and other charges now due and unpaid and hereafter to become due," etc. The agreement further provided that if any of the subtenants failed to pay their rents to Adolph Schwob, Inc., and it gave ten days' notice of such failure, then 45 Maiden Lane, Inc., should take prompt steps to collect such rents in default " at its own charges, costs and expense, and in its name, but solely for the benefit of Adolph Schwob, Inc., and all money received by it from tenants or others in possession of any part of the premises 45 Maiden Lane shall be turned over to Adolph Schwob, Inc., in kind, it being understood and agreed that sa'd moneys are being received by said 45 Maiden Lane, Inc., as a fiduciary and in trust for the said Adolph Schwob, Inc."

Thus, 45 Maiden Lane, Inc., says it is entitled to possession of the premises to the exclusion of Adolph Schwob, Inc. It gives no reason for suddenly awakening from a sound slumber of eighteen months. It does not deny its default in the payment of rent and taxes to the owner in fee of the lease for which a final order was made on January 15, 1930. It admits not having paid any back rent, nor does it offer to pay any rent due under the lease to the owner of the fee. It admits that if it should collect the rent from the subtenants, it will be obliged by its agreement to turn over the identical rents to Adolph Schwob, Inc. But it plants itself on a technical right to bring summary proceedings under the letter of the agreement of January 13, 1930.

I think the petitioner's contention is unsound. The parties by their conduct since January 15, 1930, for a period of about eighteen months, have allowed Adolph Schwob, Inc., to resume and continue in possession of the premises without objection. It does not now lie in the mouth of 45 Maiden Lane, Inc., to say that it wants to come back into possession.

The agreement of January 13, 1930, does not give 45 Maiden Lane, Inc., the possession or right of possession of the premises. It merely provides that if any of the subtenants " fail to pay their

rents to Adolph Schwob, Inc.," and it gives ten days' notice of such failure, then 45 Maiden Lane, Inc., should take prompt steps to collect such rents in default. But Adolph Schwob, Inc., has never given ten days', notice or any notice of default. The subtenants have not failed to pay their rents to Adolph Schwob, Inc., nor are the subtenants in default. They have offered, and stand ready to pay their rents, and would have done so but for the prohibitory notice received from the 45 Maiden Lane, Inc. Again, the agreement might conceivably permit 45 Maiden Lane, Inc., to take prompt steps to collect such rents in default by action. But this does not necessarily mean that it might resort to summary proceedings under the statute to recover possession of the property. Nor may Adolph Schwob, Inc., be compelled against its will to utilize the services of 45 Maiden Lane, Inc., as a collector of rent. It had the choice of making its own collection.

I find that Adolph Schwob, Inc., has established not only a right to " claim possession " (*Levy* v. *Winkler*, 59 Misc. 482), but that its continued possession of the property for eighteen months has estopped the petitioner from now suddenly endeavoring to interfere with the possession had by Adolph Schwob, Inc. In January, 1930, the subtenants attorned or yielded to the right of Adolph Schwob, Inc., to possession and have paid it the rent continuously since. There has been no point of time since, that I can discover, where that right has been broken or destroyed. This court may so decide. (*De Vita* v. *Pianisani*, 127 Misc. 611.)

Even if Adolph Schwob, Inc., had permitted 45 Maiden Lane, Inc., to act as its agent to collect the rents from subtenants, no time was specified during which such agency might continue. No compensation or reward was payable to 45 Maiden Lane, Inc. Such an agency not being coupled with an interest, was revocable at will. By the acts and conduct of the parties such an agency, if it ever existed, was revoked.

No useful purpose could be served by the 45 Maiden Lane, Inc., interposing to prevent the rents from continuing to be paid by the subtenants to Adolph Schwob, Inc., except as a mere conduit or through the medium of its collection and return " in kind." Nor is it denied that the rent should ultimately go to Adolph Schwob, Inc.

I do not pass on any questions properly arising on any accounting which 45 Maiden Lane, Inc., may demand of Adolph Schwob, Inc. This may be determined by appropriate action elsewhere.

Final order will, therefore, issue to the intervenor, awarding to it possession of the property and requiring the subtenants to pay the rent due.

Five days' stay granted.