METROPOLITAN LIFE INSURANCE COMPANY, Landlord, Appellant, v. HAROLD SCHOTTLAND et al., Tenants, Respondents.

Supreme Court, Appellate Term, First Department, June 6, 1945.

*Meyer W. Greenwald* and *Eugene M. Tuch* for appellant.

*Joseph Schottland* for respondents.

*Maurice R. Whitebook,* Chief Attorney, New York City Defense-Rental Area (*Milton A. Seymour* of counsel), for Office of Price Administration, *amicus curiæ.*

MEMORANDUM *Per Curiam.* The proceedings to remove a tenant may be maintained if compliance is shown with either subdivisions (a) or (b) of section 6 of the Rent Regulation (Rent Regulation for Housing in New York City Defense-Rental Area, 8 Fed. Reg. 13917, 13918) which are mutually exclusive. Redress from a certificate issued pursuant to subdivision (b) of section 6 must be had in an appeal to the Emergency Court provided by subdivision (d) of section .204 of the Emergency Price Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 924, subd. [d]). The certificate merely indicates that in the opinion of the administrator summary proceedings are not in contravention of the spirit of rent control. Thereafter, the proceedings may be prosecuted solely according to local law.

The final order and judgment should be reversed, with $30 costs, and final order directed for landlord as prayed for in the petition, with costs.

EDER, J. (dissenting in part). The relationship of the tenants-respondents herein as joint lessees was created by agreement; it did not arise from the fact that they are husband and wife; their rights, I feel, should be considered from that standpoint. Both the appellant's attorney and the Office of Price Administration's counsel acknowledge that Anne Schottland was not included in the Office of Price Administration's certificate authorizing the institution of this proceeding; the certificate, admittedly, only authorizes the proceeding against the tenant Harold Schottland. Both lawyers recognize that in this situation the proceeding cannot prevail as to Anne Schottland unless this court is prepared to consider matters not embraced in the return on appeal.

In an endeavor to escape dismissal of the petition as against Anne Schottland this court is requested to consider, dehors the record, the statements of said counsel that the administrator's " intention " must have been to also authorize the

proceeding to be commenced against Anne Schottland because she is the wife of Harold Schottland and they are both severally and jointly obligated under the lease. I am unable to concur in this; the fact is that, as to her, no certificate was ever issued but we are asked to create a fictitious one by adopting the suggestion that the failure to include her name in the certificate which was issued against her husband was probably due to " stenographic oversight " or " ministerial error ". In other words, to dispose of the appeal, not upon the record before us, but upon the suppositions and conjectures of counsel as to what the Price Administrator probably intended and meant and probably would have done. It is an innovation. It seems to me that the proper procedure for the appellant is to institute a new proceeding, and if a certificate has been issued as to Anne Schottland to prove that fact rather than have it assumed and her rights decided on the suggested basis; she should not be divested of any rights she may have to continued possession by any such method as the said counsel advance.

The fact that the parties are husband and wife should not alter the situation; as I have mentioned, their status was created by agreement and should be considered on that basis. The rule is that where the tenancy is a joint one, each of such tenants is entitled to be separately served with notice or process and service on one and not on the other is without effect to bind the one not served. (*People ex rel. Crawford* v. *De Camp*, 12 Hun 378; 36 C. J., Landlord and Tenant, § 1856, Note 61, subd. [e]; 3 New York Law of Landlord and Tenant, § 1171.) The situation is different in the case of a partnership tenant when service of notice or process on one partner will bind all (*Ludwig* v. *Lazarus,* 10 App. Div. 62); so here, the issuance of a certificate against one joint tenant cannot bind or affect the other joint tenant against whom it is not granted.

Appellant's counsel fully recognizes its predicament and strives to extricate the appellant therefrom by an attempt to effect a distinction; he argues that it is elementary that joint promisors and obligors may be joined in a single action or proceeding and, though only one be served personally, judgment may be entered against both and execution may be levied against the joint property of both. No reference is cited but I suppose he has reference to article 73 of the Civil Practice Act entitled " Actions Against Joint Debtors ". Offhand, I am not so certain of the validity of such an enactment, if intended to be of general application; I am rather disposed to feel that it has application, in a restricted sense, to partner-

ship obligations, of a joint and several nature, and the like, and to levy upon partnership property, as jointly owned. Counsel made no reference to section 1198 to the effect that such a judgment is conclusive only on the defendant personally served. I take it that counsel intended the mentioned illustration as an analogy that the issuance of the certificate by the Office of Price Administration against the tenant Harold Schottland also bound the tenant Anne Schottland because she was a joint lessee. I fail to appreciate the application of the rule or the analogy attempted; nor do I find any provision of law or court decision — and counsel cites none — that dispenses with the necessity of giving notice to, or with the necessity of service upon, a joint tenant whose possession is sought to be invaded or estate destroyed, or which binds her by proceedings taken against her husband, merely because she happens to be the wife of another joint tenant. To say finally, as appellant's counsel does, that the practice in the Office of Price Administration is " loose " and that this accounts for or has resulted in the failure to include in the certificate relating to eviction, the name of the tenant Anne Schottland, is hardly a justification for ignoring her rights, or disregarding the law, or the state of the record; and that, in substance, is what we are requested to do.

As to the tenant Harold Schottland, the appeal lacks merit as on the trial he conceded the sufficiency of the certificate as to him and I think the point must be deemed waived. As to the tenant Anne Schottland, the point was specifically made that no certificate was issued as to her and dismissal was sought on this ground by motion expressly made.

Insofar as the trial court assumed to review and interfere with the action of the Price Administrator in granting the certificate as to the tenant Harold Schottland, no jurisdiction to do so existed and the ruling is erroneous and must be annulled. However, as to the tenant Anne Schottland, the dismissal of the petition as to her may be upheld on the ground stated by the Trial Court that she was not included in the mentioned certificate which is the undisputed fact. The final order should be reversed as to tenant Harold Schottland, and a final order awarded against him, and as to tenant Anne Schottland, the final order dismissing the petition as to her, should be affirmed.

Hammer and Hecht, JJ., concur in Memorandum *Per Curiam*; Eder, J., dissents in part, as to tenant Anne Schottland, in opinion.

Order and judgment reversed, etc.