RICHELIEU REALTY COMPANY, INC., Landlord, Appellant, *v.* ELIZABETH MANGIN, Tenant, Respondent

Supreme Court, Appellate Term, First Department, June 13, 1946.

*Jacob A. Salzman* for appellant.

*Carmine Leo Calarco* for respondent.

Eder, J. The appellant is a corporate landlord of the building in concern and is the owner in fee thereof; its sole stockholder is Ellen Wright, who is also its president. It is not a co-operative corporation or association.

The tenant-respondent herein hired from the landlord a five-room apartment in the building, which is an apartment house structure; the term of the demise commenced October 1, 1943, and ended September 30, 1945. The petition alleged the expiration of the term and that the tenant continued in possession without the permission of the landlord. Possession of the apartment was sought for the use of the sole stockholder of the corporate landlord and her family.

The Office of Price Administration Administrator issued a certificate pursuant to the Rent Regulation for Housing in the New York City Defense-Rental Area, paragraph (1) of subdivision (b) of section 6 (8 Federal Register 13919) thereof, and therein stated that the purpose for which the eviction of the tenant was authorized was to permit occupancy of the tenant's apartment by Mrs. Ellen Wright, president of owner corporation, as a dwelling for herself and family. In the certificate there is the statement: " This certificate authorizes the above named person (corporate landlord) to pursue his remedies for the removal or eviction of the tenant named below from the above described accommodations in accordance with the requirements of local law."

There is the further statement therein: " The Rent Director finds that, subject to any conditions stated below, eviction or removal of the tenant is not inconsistent with the purposes of the Emergency Price Control Act of 1942 or of the Rent Regulation issued thereunder for this Defense-Rental Area; 6 (b) (1), Rent Regulations for Housing."

The certificate concludes with the following: " This certificate only authorizes an action to be brought for the eviction or removal of the tenant instituted in accordance with the requirements of local law and does not pass upon the merits of such action under such law."

The court below dismissed the petition at the conclusion of the landlord's case upon the ground that the possession of the apartment was not sought in good faith.

Appellant contends that this was an erroneous viewpoint; that under the local law, i.e., section 1410 of the Civil Practice Act, the element of good faith is not a requirement and hence it was only necessary for the landlord to show that the tenancy had expired and that the tenant was holding over and continuing

in possession without permission of the landlord upon proof of which the landlord was entitled to a final order in its favor.

Under the express provisions of subdivision (a) of section 6 (8 Federal Register 13918) of the Office of Price Administration Rent Regulation, entitled " *Removal of tenant — (a) Restrictions on removal of tenant* ", it is declared that: " So long as the tenant continues to pay the rent to which the landlord is entitled, no tenant shall be removed from any housing accommodations, by action to evict or to recover possession, by exclusion from possession, or otherwise, nor shall any person attempt such removal or exclusion from possession, notwithstanding that such tenant has no lease or that his lease or other rental agreement has expired or otherwise terminated, and regardless of any contract, lease, agreement or obligation heretofore or hereafter entered into which provides for entry of judgment upon the tenant's confession for breach of the covenants thereof or which otherwise provides contrary hereto, unless: * * *." (Then follow the exceptions.)

One of the exceptions is the case where occupancy of the premises is sought by the landlord, in good faith, for the immediate use and occupancy as a dwelling for himself (Regulation, § 6, subd. [a], par. [6]; 10 Federal Register 11668). Another exception is in the case where the landlord is a co-operative corporation or association and seeks possession of an apartment for the use of a purchaser of its stock (Regulation, § 6, subd. [b], par. [3], issued Feb. 16, 1945, and eff. Feb. 17, 1945; 10 Federal Register 1974).

Under the regulation, good faith is a basic factor and a corporation seeking possession of premises for the use of a stockholder must show that the proposed occupant is a purchaser of the stock of a *co-operative* corporation.

Paragraph (1) of subdivision (b) of section 6 is entitled " *Administrator's Certificate — (1) Removals not inconsistent with act or regulation* ", and provides: " No tenant shall be removed or evicted on grounds other than those stated above unless, on petition of the landlord, the Administrator certifies that the landlord may pursue his remedies in accordance with the requirements of the local law. The Administrator shall so certify if the landlord establishes that removals or evictions of the character proposed are not inconsistent with the purposes of the act or this regulation and would not be likely to result in circumvention or evasion thereof."

As mentioned, a certificate was issued and while it contains a finding that the eviction or removal of the tenant is not

inconsistent with the purposes of the act or of the rent regulation issued thereunder there is no finding or certification that the eviction or removal sought will not be likely to result in circumvention or evasion of the act or regulation, but I shall assume that this finding is implied from the issuance of the certificate.

Paragraph (1) of subdivision (b) of section 6 vests in the administrator the right and power to determine whether the proposed proceeding for eviction or removal of the tenant will be inconsistent with the act or regulation; if inconsistent therewith, a certificate should not issue; otherwise a certificate may issue, and if issued, it must follow that it renders the general provisions of subdivision (a) of section 6 inapplicable and authorizes the landlord to proceed under the local law as if the act and regulation were not in effect (*Metropolitan Life Ins. Co.* v. *Schottland,* 185 Misc. 125, mod. 270 App. Div. 915; *New York City Housing Authority* v. *Rokaw,* 54 N. Y. S. 2d 570; *New York City Housing Authority* v. *Awant,* 183 Misc. 823).

Whether the administrator correctly construed or interpreted the act and regulation or acted properly or erroneously in issuing such certificate to a non-co-operative corporation like the landlord herein to enable a stockholder thereof to gain possession of the apartment for the use of such stockholder is a matter which we may not pass upon (*Parker* v. *Porter,* 154 F. 2d 830).

The certificate having been issued and the institution of the proceeding herein having been authorized, we can only decide whether the landlord is entitled to the possession of the premises under local law and it was entitled to such possession under local law, the term of the tenancy having expired. It was error for the court below to have denied the landlord a final order for the reason given.

The final order should be reversed, with $30 costs, and a final order awarded to the landlord as prayed for in the petition, with costs.

HAMMER and MCLAUGHLIN, JJ., concur.

Order reversed, etc.