## TOMPKINS COUNTY COURT.

### MARGARET SCHENCK agt. JAMES PRAME.

*Summary proceedings for land—Appeal—When and how proceedings to be staid—Code of Civil Procedure, secs. 2261, 2262–2265.*

In summary proceedings to recover the possession of real property no stay of the issuing or execution of the warrant can be had in the case of a holding over after the expiration of a tenant's term.

*November*, 1881.

PROCEEDINGS were commenced in October, 1880, by the above plaintiff against the above defendant, to recover possession of a house and lot in Ithaca, under title 2 of chapter 17 of the act supplemental to the Code of Civil Procedure, before CHARLES G. DAY, esq., a justice of the peace, in Ithaca. The matter was tried before the justice and a jury and a verdict rendered for the plaintiff, on which a final order was made in favor of the plaintiff and a warrant issued to remove the defendant. The proceedings were instituted to remove defendant from holding over after the expiration of the term. An appeal was afterwards taken to the county court from the proceedings, order or judgment, rendered in justices' court and an *ex parte* application made to the county judge, for an order staying all proceedings and the execution of the warrant till the determination of the appeal in county court. The judge granted the order. The plaintiff now moves to set aside this order, claiming that it was improvidentially granted and that there is no legal authority for such stay of proceedings.

*Clarence L. Smith,* for motion.

*M. N. Tompkins,* opposed.

LYON, C. J.— Previous to the present provisions of the statute (*Chap.* 17, *title* 2, *of the present Code of Civil Procedure*), proceedings for the summary recovery of possession of real estate were regulated by statute (2 *R. S.*, 512, *sec.* 47 *of that statute, p.* 516), provided that such summary proceedings should not be stayed or suspended by any writ or order of any court or officer. But it has been held that this statutory provision was virtually repealed by section 219 of the old Code of Procedure (*Cure* agt. *Crawford,* 5 *How. Pr.,* 294). And such proceedings have been enjoined in cases of fraud, surprise or undue advantage in the conduct of the proceedings (*Mary* agt. *James,* 37 *How.,* 52–57; *Griffin* agt. *Brown,* 28 *How.,* 4). But in the present case there was neither fraud, nor surprise, nor undue advantage in the proceedings themselves. The tenant had full notice, had interposed her defense and the case has been tried and determined upon its merits (*See Mary* agt. *James, supra, p.* 57). And the reason for the exercise of the power of the court or judge to stay the proceedings in this case does not exist, as in the case of *Cure* agt. *Crawford* (*supra*), and other cases above referred to.

But the law now governing the proceedings in the present case has lately gone into effect and since the decisions in the cases above mentioned, courts and parties are now to be governed by chapter 17, article 2, of the present Code of Civil Procedure. Section 2261 of that article provides that the issuing or execution of the warrant cannot be staid on appeal or by the giving of an undertaking thereupon otherwise than as prescribed in the next section. And section 2262, provides that where an appeal is taken from a final order awarding delivery of possession to the petitioner which establishes that a lessee or tenant holds over *after a default*

*in the payment of rent,* the issuing and execution of the warrant may, except in the city and county of New York, be staid by order of the county judge. The present case, that is holding over beyond the term of renting, is a case " otherwise than as prescribed in " section 2262. The defendant's counsel refers me to section 2265, which provides among other things that the issuing or execution of the warrant cannot be staid or suspended by any court or judge, except by an order made upon an appeal in a case and the manner *specially prescribed for that purpose* in this title, which means as I understand it, that no stay of the execution of a warrant can be had in the case of a holding over after the expiration of a tenant's term, unless some special provision is made for such stay in such a case in this title 2 of chapter 17. There is no such *special* provision in that title for such a case as this, and therefore so much of the order as stays the execution of the warrant must be set aside and revoked.

Ordered accordingly.