JAMES R. EVERALL, Respondent, *against* NEILS P. LASSEN, Appellant.

[SPECIAL TERM].

(Decided July 24th, 1884.)

Where, upon affirming on appeal a final order in summary proceedings to recover the possession of real property, costs are awarded to the respondent, the costs taxable are such, and such only, as would be taxable if the special proceedings had been an action and the final order a judgment.

MOTION for re-taxation of costs.

Upon appeal from a final order in a summary proceeding to recover possession of real property in the City of New York, the order was affirmed, with costs to the respondent. His costs having been taxed, the appellant moved for a re-taxation.

*George H. Hart*, for appellant.

*R. P. Livermore*, for respondent.

VAN HOESEN, J.—The legislature intended to make the practice uniform by abolishing the difference between an appeal from a judgment and the method of reviewing a final order in summary proceedings. Under section 2260 of the Code of Civil Procedure an appeal from a final order in summary proceedings differs in no respect from an appeal from a judgment (see *Shaw* v. *McCarty*, 63 How. Pr. 288). Where a final order is affirmed, costs are in the discretion of the court. Section 3240 provides that " costs in a special proceeding instituted in a court of record, or upon appeal in a special proceeding taken to a court of record, where the costs thereof are not specially regulated in this act, may be awarded to any party, in the discretion of the court, at

the rates allowed for similar services in an action brought in the same court or an appeal from a judgment taken to the same court."

As the General Term allowed costs to the respondent, the clerk should tax such costs—and such only—as would be taxable if the special proceeding had been an action and the final order a judgment.

Decree accordingly.