(92 Misc. Rep. 211)

### BORGIA & PATANE, Inc., v. PARIS.

(Supreme Court, Appellate Term, First Department. November 3, 1915.)

1. COURTS ⬌189—MUNICIPAL COURTS—VACATION OF JUDGMENT.
   One justice of the New York Municipal Court has no authority, on ground of irregularities, to vacate a judgment entered after trial before another justice.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. ⬌189.]

2. COURTS ⬌190—MUNICIPAL COURTS—STIPULATION—VALIDITY.
   A stipulation, in an action in the New York Municipal Court, that trial should be conducted without a stenographer, being made in the interest of economy, and evidently contemplating waiver of an appeal, is valid.
   [Ed. Note.—For other cases, see Courts, Dec. Dig. ⬌190; Appeal and Error, Cent. Dig. § 103.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Borgia & Patane, Incorporated, against Nathan Paris. From an order of the Municipal Court, vacating and setting aside a judgment for defendant after trial before the court, defendant appeals. Order reversed, and judgment reinstated.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

Lind & Pfeiffer, of New York City (Alexander Pfeiffer, of New York City, of counsel), for appellant.

Alfonso Bivona, of New York City, for respondent.

SHEARN, J. [1, 2] One justice of the Municipal Court has no authority to vacate a judgment entered after a trial before another justice on the ground of irregularities in that trial. Moreover, there

was no irregularity in conducting the trial without a stenographer, where that was done upon stipulation of both sides. The stipulation was in the interest of economy, and evidently contemplated the waiver of an appeal. Dubuc v. Lazell, Dalley & Co., 182 N. Y. 482, 75 N. E. 401. I know of no reason why a stipulation in an action in the Municipal Court is not just as binding as a stipulation in an action in any other court.

Order reversed, with $10 costs, and judgment reinstated; judgment to be set off against the costs of appeal. All concur. .