did not attempt to rebut. Mutchnick Case, supra, 130 App. Div. 419, 114 N. Y. Supp. 997. At all events, it is apparent from the record that Smith's title was not seriously contested at the trial.

Judgment reversed, and new trial granted, with $30 costs to appellant to abide the event. All concur.

---

(95 Misc. Rep. 546)

## MEYERS v. KLEIN.

(Supreme Court, Appellate Term, First Department. June 26, 1916.)

1. JUDGMENT ☞903—ACTION—ENTRY OF JUDGMENT.
   In an action upon a default judgment, begun in violation of Code Civ. Proc. § 1913, forbidding an action upon a judgment unless by default rendered without personal service of summons, etc., and with the admitted object of increasing the amount of the judgment, so that summary proceedings could be instituted thereunder, there was no authority for the entry of a judgment against the defendant.

   [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1722, 1723; Dec. Dig. ☞903.]

2. JUDGMENT ☞141—DEFAULT—MOTION TO VACATE.
   In such case, defendant had no standing in court, except to move to open the default.

   [Ed. Note.—For other cases, see Judgment, Dec. Dig. ☞141.]

3. COURTS ☞189(15)—MUNICIPAL COURT—VACATION OF JUDGMENT.
   One justice of the Municipal Court has no authority to vacate a judgment entered by another justice.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 458; Dec. Dig. ☞189(15).]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Jacob Meyers against Joseph S. Klein. From an order granting defendant's motion to vacate a judgment entered in favor of the plaintiff, and also from an order granting a stay of proceedings, plaintiff appeals. Order vacating judgment reversed, with leave to defendant to move to open his default upon the last judgment entered against him.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Haskel Corenthal, of New York City, for appellant.

Wm. Duncan Cameron, of New York City, for respondent.

GUY, J. The record in this case discloses a most extraordinary situation. Plaintiff brought an action against the defendant, claiming in his complaint that there was due him from defendant the sum of $7.50. The summons was personally served upon the defendant, and he defaulted, and a judgment was entered against him for the sum of $10.18. This judgment was subsequently increased, by an addition thereto of $2.50 costs, making in all the sum of $12.68. On February 5, 1916, 38 days after the entry of this judgment, the plaintiff began a second action, again serving a summons and complaint. In this last complaint he sets up the recovery of the prior judgment, and asserts

that the amount is $15.09, that no part of the same has been paid, and asks judgment for that amount. How or in what manner the amount of the judgment has been increased from $12.18 to $15.09 does not appear.

Upon the return day of the summons the defendant interposed an answer, in which he set up·that the complaint failed to state a cause of action, that 10 years had not elapsed since the recovery of the former judgment, that the action had been commenced by personal service of the summons, that no leave to commence the action had been given, and asked for a dismissal of the complaint. This objection could have been disposed of before trial under section 89 of the Municipal Court Code (Laws 1915, c. 279). The defendant defaulted, however, at the trial, and an inquest was taken, and judgment rendered against the defendant for the sum of about $28. This last judgment was entered on February 24, 1916. Upon an order to show cause, returnable on March 7, 1916, the defendant moved before another justice of the Municipal Court for an order vacating this last judgment. Upon the return day of this motion the plaintiff's attorney asked for additional time in which to file a brief, which was granted, and all proceedings stayed until the hearing of the motion. The motion was granted on March 29, 1916, and the judgment of February 24, 1916, vacated. From the order vacating the judgment, and from the order granting a stay, the plaintiff appeals.

[1] It is perfectly plain that there was no authority for the entry of a second judgment against the defendant. The action was instituted in plain violation of the provisions of section 1913 of the Code of Civil Procedure, and its object, substantially admitted by plaintiff's attorney, was to increase the amount of the judgment, so that summary· proceedings could be instituted thereunder.

[2, 3] A reading of the opposing affidavit, made by the plaintiff's attorney and used in opposing the motion resulting in the order appealed from, would indicate that this is not the only case in which the same practice has been indulged in. The defendant, however, has no standing in court, except to move to open his default, and we know of no authority recognizing the right of one justice of the Municipal Court to vacate a judgment entered by another justice, and there is authority against it. Borgia & Patane v. Paris, 92 Misc. Rep. 211, 155 N. Y. Supp. 347. The order appealed from, being one of those which the court had not the power to make, is appealable, and must be reversed, but without costs.

Order vacating judgment reversed, without costs, and with leave to defendant to move to open his default upon the last judgment entered against him. All concur.