HARRY DANCIK et al., Tenants, *v.* MARY RAPPOLD et al., Landlord, Undertenant.

(Municipal Court of City of New York, Borough of Brooklyn, Seventh District, November, 1919.)

Forcible entry or detainer — when tenant cannot proceed against landlord for — summary proceedings — appeal — Municipal Court Code, § 129(3) — Code Civ. Pro. §§ 2233, 2245, 2262, 2265.

Where by the judgment in a summary proceeding for non-payment of rent the landlord is awarded possession of the premises and the tenants are removed therefrom by virtue of a warrant duly issued, a proceeding for forcible entry and detainer brought by them against the landlord under sections 2233 and 2245 of the Code of Civil Procedure must be dismissed even though before the final order of removal was made they paid to the clerk of the court a sum of money less than the amount determined by said judgment to be due the landlord for rent and he had received the same from the clerk.

The remedy of the tenants was either under section 129(3) of the Municipal Court Code by a motion to set aside the findings and judgment in the proceeding for non-payment of rent or under sections 2262 and 2265 of the Code of Civil Procedure by an appeal from said judgment with a stay of execution of the warrant.

PROCEEDING brought by a tenant under sections 2233, 2245, Code of Civil Procedure, to remove a landlord for an unlawful entry and detainer.

Sol. S. Schwartz, for tenants.

Frank E. Johnson, Jr., for landlord, undertenant.

BOGENSHUTZ, J.   This is a proceeding brought by a
tenant under sections 2233, 2245 of the Code of Civil
Procedure to remove a landlord for an unlawful entry
and detainer.

Upon the return of the precept the respondent land-
lord appears and, upon one of her defenses interposed,
moved to dismiss the petition, upon the ground that
it does not set forth facts sufficient to maintain these
proceedings.   Mun. Ct. Code, §§ 88, 89.

The petitioners, in substance, charge that they were
forcibly ejected and removed from the premises in
question by a city marshal acting under a warrant
issued upon a final order in summary proceedings in
this court, in which this respondent landlord was peti-
tioner and the present petitioners tenants.

In view of the fact that the petitioners base their
charge of a forcible entry and detainer upon the issu-
ance and execution of an unlawful mandate of this
court, a question of law is presented which makes it
necessary upon this motion to examine the judgment
record referred to in the petition.

After an examination of the situation disclosed I
have reached the conclusion that the motion to dismiss
must be granted, because, upon the face of the record,
the warrant in question appears to have been lawfully
granted, issued and executed.

It appears that issue was joined in that proceeding
upon the landlord's claim that forty-four dollars
rent was due, against the tenant's claim that only
twenty-two dollars was due.

In deciding this motion it is immaterial what proof

was submitted by the parties, nor the merits thereof, because the judgment roll contains a final order of the trial justice which awards judgment in favor of the landlord against these tenants that forty-four dollars was due and unpaid, and awards the landlord possession of the premises in question, and directs the issuance of a warrant to effect the removal of these tenants and put the landlord in possession, together with an award of the costs of the proceeding.

Under this situation the immediate and vital question is presented: Do sections 2233 and 2245 contemplate the maintenance of these proceedings in the face of a record which shows that the removal complained of was effected by a presumptively legal and orderly mandate of this court, after a hearing, decision and judgment by the trial justice, and from which judgment these tenants took no action either by motion or by an appeal?

No claim is made that the court was without jurisdiction either of the subject-matter or of the parties. Nor is any claim made that the proceedings were terminated by an order of discontinuance either before the final order was made or thereafter and before the issuance and execution of the warrant. These tenants assert that the fact of their paying the sum of twenty-two dollars to the clerk of the court before any final order was made, and the receipt of this sum by the landlord from the clerk nullified all subsequent proceedings. The answer to that is that the mere deposit did not abate the proceedings or oust the court of jurisdiction to try the issue as to the sum actually due, including the question of costs, in the absence of an order of settlement or discontinuance. Money paid into court as a tender belongs to the party for whom it is intended, and its receipt by the latter does not

deprive him of the right to enforce the entire claim. It is a settled rule of law that where the court has jurisdiction of the proceedings and of the parties, the remedy of a party aggrieved by a judgment or final order is by an appeal (Code Civ. Pro. §§ 2260, 3044; Mun. Ct. Code, § 154; *Everall* v. *Lassen*, 13 Daly, 10; *Natkins* v. *Wetterer*, 76 App. Div. 93), even though there be error in the findings of the trial justice. *Broadwell* v. *Holcomb*, 65 How. Pr. 502; *Jessurun* v. *Mackie*, 24 Hun, 624; *Natkins* v. *Wetterer, supra.*

The failure of these tenants to attack any error in the findings or in the validity of the judgment either by motion or appeal is an estoppel to maintain these proceedings. *Smith* v. *Hemstreet*, 54 N. Y. 644; *Reich* v. *Cochran*, 151 id. 122.

The remedy of these tenants under the circumstances was either by a motion to set aside the findings and judgment (*Krekeler* v. *Ritter*, 62 N. Y. 372; Mun. Ct. Code, § 129, subd. 3), or to appeal therefrom and as an incident of the relief secure a stay of execution of the warrant. Code Civ. Pro. §§ 2262, 2265; *Schenck* v. *Prame*, 63 How. Pr. 165; *Ludwig* v. *Lazarus*, 10 App. Div. 62; *Fifth Ave Invest. & Imp. Co.* v. *Bounsignore Co.*, 75 Misc. Rep. 651. To uphold the petitioner's claim of a right to maintain these proceedings would in effect sanction a review of the findings of one trial justice by another, or a review of such findings by a jury if a trial in such form were demanded. *Borgia & Patane, Inc.*, v. *Paris*, 92 Misc. Rep. 211; *Meyers* v. *Klein*, 95 id. 547.

It is obvious that the statute (Code Civ. Pro. §§ 2233, 2245) did not contemplate proceedings for a forcible entry and detainer where a removal has been effected through a lawful mandate of the court. Code Civ. Pro. §§ 2260, 3044; Mun. Ct. Code, § 154;

*Sewell* v. *State,* 61 Ga. 496; *Vess* v. *State,* 93 Ind. 211; *Rook* v. *Godfrey,* 105 Tenn. 534.

The relief that these tenants seek by these proceedings is readily and amply provided for under the circumstances here disclosed: In case of a reversal of the final order, restitution, and an action for damages. Code Civ. Pro. §§ 1669, 2263.

It follows that these proceedings must be dismissed. Proceedings dismissed, with ten dollars costs.

Proceedings dismissed, with ten dollars costs.