BROWNING, KING & COMPANY, Respondent, *v.* WILLIAM
J. CHAMBERLAIN, Appellant.

Summary proceedings — tender after suit — ineffectual tender
of amount admitted to be due by tenant — tenant remains owner
of same, if not accepted by landlord, and may recover it from
clerk of court.

1. The subject of tender after suit is regulated by sections 731 *et
seq.* of the Code of Civil Procedure, which are applicable to actions ·
for the recovery of a sum of money only.

2. A tenant tendered to the landlord and delivered to the clerk of
the court where summary proceedings were pending against him the
exact sum which he admitted to be due for rent, but which was less
than the sum actually due, as subsequently determined, which sum
the landlord refused to accept. The payment was not made for the
purpose of making a defense of tender available, as none was
pleaded, nor was it made to stay the issuing of a warrant pursuant
to section 2254 of the Code of Civil Procedure, as the costs were not
paid. It was, therefore ineffectual, unless the landlord saw fit to
accept it, and until acceptance it remained the money of the tenant.
*Browning, King & Co.* v. *Chamberlain,* 150 App. Div. 391,
reversed.

(Submitted Febuary 3, 1914; decided February 24, 1914.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the first judicial department,
entered June 3, 1912, affirming a judgment in favor of
plaintiff entered upon a decision of the court at a Trial
Term, a jury having been waived.

The nature of the action and the facts, so far as mate-
rial, are stated in the opinion.

*Abraham Feinstein* and *Victor Gray* for appellant.
The payment of the said sum of $850 to the defendant in
this action during said proceeding was not a tender or
payment into court. (*People ex rel. Terwilliger* v.
*Chamberlain,* 140 App. Div. 503; *Benjamin* v. *Benja-*

*min*, 5 N. Y. 385.) Title to the sum of money so deposited by the tenant did not pass to the landlord, nor does defendant hold said money as a stakeholder for the benefit of the plaintiff. (*People ex rel. Terwilliger* v. *Chamberlain*, 140 App. Div. 503; *Mann* v. *Sprout*, 185 N. Y. 112; *Oriental Bank* v. *Tremont Ins. Co.*, 4 Metc. 1.)

*Charles P. Northrop* for respondent. Even if there were no authority in law for the payment of the $850 into court, title to the money passed to the landlord nevertheless. (*Mann* v. *Sprout*, 185 N. Y. 109; *Murray* v. *Bethune*, 1 Wend. 191; *Goldman* v. *Swartout*, 117 App. Div. 188; *Jarvis* v. *Driggs*, 69 N. Y. 143; *Moore* v. *Coughlin*, 127 App. Div. 810; *People ex rel. Terwilliger* v. *Chamberlain*, 140 App. Div. 506; *People ex rel. D. L. I. Co.* v. *Jeroloman*, 139 N. Y. 14; *City of Albany* v. *W. T. & R. Co.*, 108 N. Y. 14; *Sentenis* v. *Ladew*, 140 N. Y. 463; *Matter of N. Y., L. & W. R. R. Co.*, 98 N. Y. 447.) Payment into court in a dispossess proceeding is authorized when made as an adjunct to a defense of tender. (*Becker* v. *Boon*, 61 N. Y. 321; *Wilson* v. *Doran*, 38 Hun, 88; *Taylor* v. *B. E. R. R. Co.*, 119 N. Y. 561.) The court had authority to accept the payment under section 2254 of the Code of Civil Procedure, for the purpose of staying the issuance of a warrant. (*Flewellin* v. *Lent*, 91 App. Div. 254.)

MILLER, J. The plaintiff instituted a summary proceeding in the Municipal Court of the city of New York against Frank W. Terwilliger for a failure to pay rent. The tenant admitted that $850, one month's rent, was due. The landlord claimed a larger sum. The tenant interposed an answer, but did not plead a tender. On the trial he tendered the plaintiff the sum of $850, which the latter refused, and thereupon over the plaintiff's objection he paid over said sum to the clerk of the Municipal Court, the defendant in this action. The proceeding

resulted in a final order upon which a warrant to dispossess the tenant was issued, whereupon the latter demanded of the defendant the return of said sum of $850, and, upon his refusal to comply with the request, instituted mandamus proceedings to compel repayment and obtained an order granting a peremptory writ, which was reversed by the Appellate Division on the ground that in receiving the money the defendant did not act officially but merely as a stakeholder. (*People ex rel. Terwilliger* ·v. *Chamberlain,* 140 App. Div. 503.) Thereafter this action was brought on the theory that the title to the money passed to the plaintiff in accordance with the general rule applicable where money is paid into court. (See *Mann* v. *Sprout,* 185 N. Y. 109.) The learned justice at Trial Term held that the deposit was justified by section 2254 of the Code of Civil Procedure. A majority of the Appellate Division took the view that, although there was no provision of law authorizing the said attempted payment into court, the tenant could not contest the regularity of the payment, after having got the benefit of it.

We agree with the reasoning of the dissenting justices as expressed by Mr. Justice SCOTT, but desire to limit the decision to the precise point involved lest it be misconstrued.

At common law a tender could be made only before suit brought, and then to be available the money had to be paid into court and the fact pleaded. (Graham's Practice, 542; 1 Tidd's Practice [4th Am. ed.], 36, 619; *Brown* v. *Ferguson,* 2 Den. 196; *Wilson* v. *Doran,* 110 N. Y. 101; *Halpin* v. *Phenix Ins. Co.,* 118 N. Y. 165.) After suit brought a party might bring money into court and pay the costs under a rule granted as a matter of course before plea and under a special order after plea. (1 Tidd's Practice, 622.) The subject of tender after suit is now regulated by sections 731 *et seq.* of the Code of Civil Procedure, which are applicable only to actions for the recovery of a sum of money only. Section 2244 of the

Code of Civil Procedure authorizes a defendant in a summary proceeding to interpose an answer "denying generally the allegations, or specifically any material allegation of the petition, or setting forth a statement of any new matter constituting a legal or equitable defense, or counterclaim." Tender of the sum due before proceedings instituted would constitute a defense, and it may be that to make that defense available the defendant would be permitted and, indeed, required to pay the sum tendered into court. We do not decide the point as it is not involved. The tenant did not plead a tender, nor did he assert on the trial that one had been made.

The only provision of the statute applicable to summary proceedings in any way corresponding to sections 731 *et seq.* is found in section 2254 of the Code of Civil Procedure, which authorizes a payment of the rent due and the costs of the proceeding to stay the issuing of a warrant after a final order is made. The sole purpose of the payment under that section is to stay the issuing of a warrant after it has been determined how much is due. A payment of a sufficient sum and the costs would doubtless suffice, even if made before the final order, but the purpose in either case would be the same. In this case the tenant tendered to the landlord and delivered to the clerk the exact sum, which he admitted to be due, but which was much less than the sum actually due, as subsequently determined. That payment was not made for the purpose of making a defense of tender available, as none was pleaded. It was not made to stay the issuing of a warrant pursuant to section 2254 as the costs were not paid. The payment was, therefore, ineffectual, unless the landlord saw fit to accept it, and until acceptance it remained the money of the tenant, precisely as though it had been deposited in a bank or with a third party. The tenant received no benefit whatever from the payment. Indeed it amounted to an admission that that sum was due, and entitled the landlord to an order and warrant

18

to dispossess without further proof, as the costs were not tendered.

The judgments of the Appellate Division and Trial Term should be reversed and a new trial granted, with costs to abide event.

WILLARD BARTLETT, Ch. J., WERNER, HISCOCK, COLLIN, CUDDEBACK and HOGAN, JJ., concur.

Judgments reversed, etc.