(92 Misc. Rep. 312)

PEOPLE ex rel. KILGALLON v. NUHN, Clerk of Municipal Court.

(Supreme Court, Special Term, Kings County. November, 1915.)

1. LANDLORD AND TENANT ⊂⇒311—NONPAYMENT OF RENT—SUMMARY PRO-
CEEDING—ISSUANCE OF WARRANT.

Where, in a summary proceeding instituted in the Municipal Court for
nonpayment of rent, the justice has made a final order, pursuant to Code
Civ. Proc. § 2249, awarding possession to the landlord, the clerk is re-
quired by Municipal Court Act (Laws 1902, c. 580) § 1, par. 12, and Code
Civ. Proc. § 2251, to issue a warrant by signing and delivering same for
execution, unless he has been stayed from so doing by some statutory
provision, or by an order of a court of competent jurisdiction.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§
1322–1324; Dec. Dig. ⊂⇒311.]

2. LANDLORD AND TENANT ⊂⇒311—NONPAYMENT OF RENT—SUMMARY PRO-
CEEDINGS—STAY OF ORDER.

Where the justice has made such final order, he becomes functus officio,
except on motion to set aside the verdict or grant a new trial, under
Laws 1902, c. 580, and cannot, by an indorsement at the foot of the or-
der, stay issuance of the warrant.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§
1322–1324; Dec. Dig. ⊂⇒311.]

3. MANDAMUS ⊂⇒54—ISSUANCE OF WARRANT.

Where such final order of the justice has been delivered to the clerk,
he may be compelled by mandamus to sign and issue a warrant, unless he
has been stayed from so doing by statute, or an order of a court of com-
petent jurisdiction.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 108; Dec.
Dig. ⊂⇒54.]

4. LANDLORD AND TENANT ⊂⇒311—SUMMARY PROCEEDINGS—ISSUANCE OF
WARRANT—STAY PENDING APPEAL.

Where, pending appeal from a final order awarding possession to the
landlord in a summary proceeding for nonpayment of rent, the county
judge stayed execution of the order and issuance of the warrant, the
clerk of the Municipal Court was justified in refusing to sign and issue
the warrant until the order confirming such final order was filed with or
made known to him.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§
1322–1324; Dec. Dig. ⊂⇒311.]

5. LANDLORD AND TENANT ⊂⇒311—SUMMARY PROCEEDINGS—ISSUANCE OF
WARRANT—PAYMENT OF RENT.

That the tenant in such proceeding deposited with the clerk, on the
day following affirmance of such final order, the sum necessary to pay
the rent then due, with interest and costs, did not operate to prevent the
issuance of, or excuse failure to issue, the warrant, there being no au-
thority for such payment to the clerk of the Municipal Court.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§
1322–1324; Dec. Dig. ⊂⇒311.]

6. MANDAMUS ⊂⇒15—DEFENSES—ISSUANCE OF WARRANT.

A tenant does not, by appealing from a final order awarding possession
to the landlord in a summary proceeding to dispossess for nonpayment
of rent, lose his right to the privilege provided in Code Civ. Proc. § 2254,
par. 1, of paying, at any time before issuance of the warrant, the rent
due and interest and penalty; and hence, though the tenant has appealed,
where it appears that he has made a sufficient tender before issuance of

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the warrant, the landlord's application for a peremptory writ of mandamus to compel issuance of the warrant will be denied as a matter of law.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 47, 49; Dec. Dig. ☜15.]

7. LANDLORD AND TENANT ☜311—NONPAYMENT OF RENT—SUMMARY PROCEEDINGS—FINAL ORDER.

The final order in a summary proceeding to dispossess a tenant for nonpayment of rent, though not an adjudication of the rent due, is a determination that the tenant holds over after nonpayment of past-due rent.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1322–1324; Dec. Dig. ☜311.]

Application by the People, on the relation of Luke Kilgallon, against John K. Nuhn, Clerk of the Municipal Court of the City of New York, for a peremptory writ of mandamus. Application denied.

William Rasquin, Jr., of New York City, for the motion.
James S. Darcy, of New York City, opposed.

MADDOX, J. [1-3] Application for a peremptory writ of mandamus requiring respondent to issue and deliver a warrant of removal in summary proceedings. In June, 1915, relator instituted summary proceedings to dispossess one McWhinney for nonpayment of past-due rent, reserved in a lease demising the premises here in question; the tenant by his answer admitted the making of the lease, the nonpayment of the rent, and alleged as a separate defense an actual eviction from a part of the demised premises and thus a suspension of the rent; the summary proceeding was tried before the Municipal Court justice and a jury, verdict rendered for the landlord, and a final order awarding delivery of possession of the demised premises to the landlord was made and signed by the justice on June 29, 1915—the justice indorsing at the foot of the final order, "Warrant stayed to July 2, 1915, at 12 o'clock m.," and signing his name thereto. This the justice had no authority to do, and the stay ordered by him was a nullity; the final order was made after a trial of the issues raised by the petition and answer, and, as "these proceedings are purely statutory, the statute must be strictly followed." Maneely v. Mayers, 43 Misc. Rep. 380, 383, 87 N. Y. Supp. 471. With the making of the final order the justice as to this proceeding became functus officio (Ash v. Purnell, 11 N. Y. Supp. 54), except upon motion to set aside the verdict and grant or deny a new trial (Municipal Court Act [Laws of 1902, c. 580] § 1, par. 12; Id. §§ 254, 255).

Thereupon the tenant appealed to the Appellate Term, and, upon furnishing to the county judge of Queens county an undertaking, which was approved by said county judge, the county judge made an order staying the execution of said final order, the issuing of a warrant thereupon, and all proceedings to remove the tenant until 10 days after the final determination of said appeal by the Appellate Term. Subsequently, and on July 9th, that order was modified by an order striking out and vacating the stay of 10 days after the determination of said appeal, and further ordering the tenant to furnish another bond. The final order appealed from was affirmed, with costs to the landlord,

on September 20, 1915, and the order of affirmance was duly entered that day. A final order in a summary proceeding instituted in the Municipal Court of the City of New York must be made by the justice (Code Civ. Proc. § 2249); but it shall be signed by the clerk (Municipal Court Act [Laws of 1902, c. 580] § 1, par. 12; Code Civ. Proc. § 2251). Hence, when the final order was made and delivered to the respondent, it was his duty thereupon to sign and issue the warrant, unless he was stayed from so doing by some statutory provision, or by an order of a court of competent jurisdiction. The warrant is issued when signed by the clerk of the Municipal Court and delivered for execution. Ash v. Purnell, supra. The warrant was not signed by the clerk until about October 29, 1915, on which day an order was made by the justice making the final order directing respondent to sign the warrant "as filed and now in his office" as of the date of said final order. The justice had no authority to make such an order; the performance by the clerk of his duty in that regard could be compelled by a writ of mandamus.

[4, 5] The order of the county judge staying the execution of the final order and the issuing of the warrant justified respondent's failure and refusal to sign and issue the warrant pending said appeal and until the order affirming said final order was filed with him or came to his knowledge. The fact that the tenant deposited with the respondent the day following such affirmance the necessary sum to pay and discharge the rent then due, interest, and costs, is of no avail to the respondent or to the tenant. There is no authority for such deposit or payment to the clerk of the Municipal Court. People ex rel. Terwilliger v. Chamberlain, 140 App. Div. 503, 125 N. Y. Supp. 562; Browning, King & Co. v. Chamberlain, 150 App. Div. 392, 134 N. Y. Supp. 1104, affirmed 210 N. Y. 270, 104 N. E. 627.[1] The moneys so deposited remained the property of the tenant. Browning, King & Co. v. Chamberlain, 210 N. Y. 273, 104 N. E. 627. The expression found in section 2251 of the Code, "must thereupon issue a warrant," is not one of time, but refers to a condition and a succession of events. In orther words, upon the final order being made the warrant is to be issued; it cannot issue until the final order is made; it is the next successive step to be taken, unless the rent be paid or an undertaking is given therefor under section 2254 of the Code, or an appeal is taken and a stay granted pending the appeal, as provided in sections 2260, 2261 and 2262 of the Code.

By the first exception, after the final order is made and at any time before the warrant is issued, the tenant may pay the rent, interest, and costs, or give the bond therefor; but that must be before the warrant is issued. By the other the issuance of the warrant and its execution cannot be stayed unless an appeal is taken, and thereafter an order of the county judge of the county, or in the city and county of New York of a justice of the Supreme Court, upon an undertaking duly presented and approved is made. Section 2262. Hence it will be seen that in each of these instances some lapse of time between the making of the final order and the issuance of the warrant is contem-

156 N.Y.S.—36     [1]Reversed. See 156 N. Y. Supp. 1151.

plated, and the word "thereupon" is not to be construed as meaning "immediately."

[6] By the answering affidavits it appears that the tenant, McWhinney, tendered to the landlord on October 2, 1915, $850 in current currency in payment of said rent, interest, and costs, and this is not denied by relator. On the argument of this motion the tenant by his counsel, in the presence of the court and calling the court's attention thereto, tendered to the relator's counsel and to the landlord a sum of money, which the tenant's counsel asserted was $850, in payment of said rent, interest, and costs to that date, which was by the landlord and his counsel refused. From the facts as presented by the papers the warrant had not been signed or issued at the time of the tender on October 2d, nor has the warrant as yet been issued. The privilege of the tenant to pay "at any time before a warrant is issued * * * (1) * * * the rent due * * * and interest and penalty, if any thereon due, and the costs of the proceeding," is still open. Code Civ. Proc. § 2254. By appealing from the final order the tenant here has not lost his right to avail himself of the privilege provided in paragraph 1 of section 2254 of the Code of Civil Procedure, since the warrant has not yet been issued. The tenders made by him are not a satisfaction and discharge of the rent, interest, and costs due, but suspend the landlord's remedy to enforce the final order by the execution of the warrant to remove, and may now stay the execution of the warrant by such payment to the landlord. Stover v. Chasse, 9 Misc. Rep. 45, 48, 29 N. Y. Supp. 291; Sheldon v. Testera, 21 Misc. Rep. 477, 47 N. Y. Supp. 653; Flewwellin v. Lent, 91 App. Div. 430, 86 N. Y. Supp. 919.

[7] The final order, of course, does not adjudge the amount of the rent due and unpaid, but is a determination that the tenant holds over after nonpayment of past-due rent. The tenders made would appear to have been a sum in excess of that due and payable to the landlord, and if the landlord and tenant are unable to agree upon the amount so payable the tenant has his remedy in equity in an action to ascertain the amount due and to enjoin the landlord from enforcing the execution of the warrant.

Relator has not shown a clear legal right to the writ here sought, and the motion is denied; but such denial is directed as a matter of law, and not in the exercise of discretion.

Ordered accordingly.