MT. HOPE HOLDING CORPORATION, Appellant, *v.* " HARRY " TOBER, Respondent.

Supreme Court, Appellate Term, First Department, May 8, 1930.

*Arnstein & Levine* [*Sidney S. Levine* of counsel], for the appellant.

*Luke J. Le Rolle*, for the respondent.

PER CURIAM. The costs in a summary proceeding brought in the Municipal Court of the City of New York are not governed by the Municipal Court Code (§ 164) but by the summary proceeding statute (Civ. Prac. Act, §§ 1430, 1431) which makes the award of costs in the Municipal Court of the City of New York to the successful party mandatory, the amount of the costs (except in a forcible entry proceeding and where a fee is specially given by law) being " at the rate allowed by law in an action in a justice's court."

In Justices' Courts " costs consist of the fees allowed by law for services necessarily rendered in the action at the request of the party entitled to costs or paid by him, as prescribed by law; and of such other expenses as a party is entitled to include in his costs by express provision of law." (Justice Ct. Act, § 314, formerly Code Civ. Proc. § 3074.) In other words, with the exceptions noted in section 1431 of the Civil Practice Act, the successful party in summary proceedings is entitled to recover as costs only the items of expenses for fees and other disbursements actually and legally paid or incurred, not to exceed fifteen dollars, and the fees of witnesses, if any, attending from another county. (*Cohen* v. *Melle,* 43 Misc. 79; *Springer* v. *Schlegel,* 189 N. Y. Supp. 15; *Lauria* v. *Capobianco,* 39 Misc. 441; Justice Ct. Act, §§ 314, 317, 321.)

The landlord, appellant, was, therefore, clearly entitled to receive the three dollars disbursements (two dollars for clerk's fees for issuing precept, and one dollar for serving precept) as costs herein.

But section 171 of the Municipal Court Code provides for a review of the clerk's taxation within ten days, and that unless a motion for review of the taxation is asked the clerk's taxation cannot be questioned on appeal; and it has been held (*People ex rel. Solomon* v. *Lang*, 109 App. Div. 706) that the refusal of a clerk of the Municipal Court to tax any costs constitutes a taxation of costs for the purpose of review.

As the orders appealed from were not applied for until more than a month after refusal of the clerk to tax in this instance, it follows that this court cannot review such taxation.

Appeal dismissed.

All concur; present, BIJUR, CALLAHAN and PETERS, JJ.