Business Advisory Bureau, Inc., Assignee of Francis G. Hubbard, as Trustee in Bankruptcy of Mexican-American Habanero Corp., Respondent, v. Federico Stallforth, Appellant.

Business Advisory Bureau, Inc., Assignee of Francis G. Hubbard, as Trustee in Bankruptcy of Mexican-American Habanero Corp., Respondent, v. Federico Stallforth, Appellant.

First Department, June 18, 1941.

*Benjamin Busch* of counsel [*Maxwell C. Katz* and *Henry I. Fillman* with him on the brief; *Katz & Sommerich*, attorneys], for the appellant.

*Samuel Rubin*, for the respondent.

DORE, J. Plaintiff sues as assignee of the trustee in bankruptcy of Mexican-American Habanero Corporation to recover $22,750, with interest as a balance claimed to be due the corporation on defendant's stock subscription. In November, 1933, defendant subscribed for 10,000 shares of the corporation's stock aggregating a par value of $100,000. Apparently defendant paid to the corporation about $77,000 before the corporation went into involuntary bankruptcy in December, 1934. In January, 1938, the trustee in bankruptcy for the sum of fifteen dollars assigned to plaintiff this claim with other accounts receivable. On the basis of such assignment, plaintiff has now recovered summary judgment against defendant for $31,878.75.

Defendant appeals from an order denying his motion for summary judgment, and from a judgment and order granting plaintiff's motion for summary judgment. On defendant's motion Special Term held that the two-year limitation in section 73 of the Stock Corporation Law was not applicable.

Defendant contends that whether the action is on contract for the collection of the debt allegedly due the corporation or under the Stock Corporation Law for an assessment, defendant's liability, in the case of a bankrupt corporation on an unpaid stock subscription, is to pay only such amounts as have been determined by a preliminary investigation and assessment to be necessary to pay the corporation's debt to *bona fide* creditors; that the complaint herein does not make any such allegation or allege any facts sufficient to raise an inference of such necessity and accordingly fails to state a cause of action.

The sufficiency of the complaint can be raised at any time (Civ. Prac. Act, § 279), and while technical defects may not be available on an application for summary judgment (*Curry* v. *Mackenzie*, 239 N. Y. 267, 272), if the complaint is insufficient, summary judgment is not authorized, and where, as here, the defects cannot be remedied, defendant on his motion should have summary judgment in his favor.

*Matter of Canister Company* (248 Fed. 587, 589) states the Federal rule as follows: " In order to make an assessment upon stockholders for the payment of the debts and administrative expenses of the bankrupt company, it is necessary for the referee, *inter alia*, to find: (1) that the assets of the bankrupt company are

insufficient to pay its debts; (2) that the stock, or some of it, was not paid for in full and that the holders thereof had, or are chargeable with, knowledge of that fact in the acquirement of said stock; (3) the *pro rata* share that the holders of such stock must pay, up to the par value thereof, in order to liquidate the indebtedness of the bankrupt company. When this has been done, the referee may order an assessment upon such holders of unpaid stock for any amount of the unpaid portion thereof found to be necessary for the payment of the debts and expenses of the bankrupt company and for such amount only." (Citing Bankruptcy Rule No. 33 of the U. S. Dist. Ct. of New Jersey and numerous cases including *Scovill* v. *Thayer*, 105 U. S. 143; *Rosoff* v. *Gilbert Transp. Co.*, 204 Fed. 349.) The rule so stated is based on fundamental principles of reason, fairness and justice. It does not appear in this complaint or otherwise that this action is by a trustee suing in behalf of creditors or that the bankruptcy court either made a preliminary investigation and assessment or made any order or issued any call on defendant for sums claimed to be due on his subscription, and accordingly there is no presumption that any determination has been made that the amount unpaid was required to pay debts of the corporation.

Referring to the doctrine laid down in *Scovill* v. *Thayer* (*supra*), the court in *Jeffery* v. *Selwyn* (220 N. Y. 77, 84, 85) said that it might " well agree with the reasoning of these cases * * * that payment in full of the stockholder's liability upon unpaid subscriptions for capital stock in a bankrupt corporation should not be unnecessarily insisted upon, and that the trustee should recover only such amounts as are determined to be necessary to pay the debts and expenses * * *;" but it then pointed out that the plaintiff in that case had the authority of the bankruptcy court to make demand and collect of defendant the full amount due, as there the trustee had obtained an order from the United States District Court authorizing him to issue a call on the defendant for the sum due on his stock subscription. In the absence of any allegation that it has been determined that an assessment is necessary or any allegation whatever that an order of the bankruptcy court was issued directing the trustee to issue the call on defendant, the complaint fails to state any cause of action against defendant.

The learned Special Term relied on *Palmer* v. *Scheftel* (194 App. Div. 682; affd., 236 N. Y. 511) to sustain the complaint. But in that case the action was by the trustee in bankruptcy and the complaint alleged that after notice to the defendant an order was duly made by the United States District Court granting leave to plaintiff to institute the action for the recovery of the stated sum as a balance due by virtue of defendant's stock subscription.

A stockholder of a corporation ceases to be such at the time when the corporation ceases to function through the intervention of bankruptcy. (*Granger & Co.* v. *Allen,* 214 App. Div. 367; affd., 244 N. Y. 587.) Under section 73 of the Stock Corporation Law, an action cannot be maintained against a stockholder more than two years after he has ceased to be a stockholder. This corporation was adjudicated a bankrupt in 1934; the alleged claim was assigned in January, 1938; and this action was not commenced until December, 1938, more than four years after the date of adjudication and accordingly four years after defendant ceased to be a stockholder. The claim is, therefore, barred if the two-year limitation applies. It is true that section 73 refers to an action against a stockholder for a debt of the corporation and plaintiff is suing on the theory of a debt due to the corporation and it is true that the statutory action belongs to the creditors. But a trustee in bankruptcy could enforce a stock subscription obligation only for the benefit of creditors after ascertaining an assessment was necessary to pay debts of the corporation and solely for the purpose of paying such debts. Under the authority of *Huntington* v. *Davidson* (276 N. Y. 511) the action seems to be barred. Plaintiff attempts to distinguish that case, claiming it has application only to the statutory liability of a member of an association incorporated under the Membership Corporations Law. But that action was not on a statutory liability. It was by a trustee in bankruptcy to collect an unpaid assessment levied against all members of a membership corporation who, according to its by-laws, were liable for their proportionate share of its debts in an amount not to exceed stated sums. Accordingly, the action was on contract, but the Court of Appeals affirmed the dismissal of the complaint, stating in a memorandum decision: " The affirmance is on the ground that the Statute of Limitations has run against the claim. The court does not pass on any other question." As we have, however, determined the complaint should be dismissed for insufficiency, it is unnecessary to place reversal on the statutory ground. Similarly, while we think that on plaintiff's motion for summary judgment there were issues of fact raised that would otherwise require a trial, that is academic in view of our ruling.

In the first above-entitled action, the order denying defendant's motion for summary judgment dismissing the complaint should be reversed, with twenty dollars costs and disbursements, and the motion granted; and in second above-entitled action, the order granting plaintiff's motion for summary judgment and the judgment entered thereon in plaintiff's favor should be reversed, with costs, and the complaint dismissed, with costs.

Martin, P. J., Townley, Glennon and Callahan, JJ., concur.

In the first above-entitled action: Order denying defendant's motion for summary judgment dismissing the complaint unanimously reversed, with twenty dollars costs and disbursements, and the motion granted.

In the second above-entitled action: Order granting plaintiff's motion for summary judgment and the judgment entered thereon in plaintiff's favor unanimously reversed, with costs, and the complaint dismissed, with costs.