CLIFFORD W. REID et al., as Executors and Trustees under the Will of WILLIAM C. REID, Deceased, Suing on Behalf of Themselves and All Other Stockholders of Long Island Bond and Mortgage Guarantee Company, Similarly Situated, Plaintiffs, *v.* LONG ISLAND BOND AND MORTGAGE GUARANTEE COMPANY et al., Defendants.

Supreme Court, Special Term, Queens County, November 15, 1949.

*Abberley, Bryde, Kooiman, MacFall & Amon* for defendants.

*Roberts, Austin, Muller & McCook* for plaintiffs.

COLDEN, J. The defendants challenge the sufficiency of plaintiffs' complaint in a stockholders' derivative action which seeks judgment to compel the distribution by the Long Island Bond and Mortgage Guarantee Company of about $500,000 of accumulated surplus and undivided profits.

Assuming, as we must upon a motion of this character, the truth of the ultimate allegations of fact pleaded in the complaint, as well as all inferences which may be reasonably drawn therefrom the court is of the opinion that the present complaint is insufficient as a matter of law to state any cause of action.

It is well settled that the declaration of dividends and the amount thereof rest in the fair and honest discretion of the directors of a corporation and that the courts will not interfere with such discretion unless there is a showing of fraud, bad faith, unreasonableness, or other clear abuses (*Williams* v. *Western Union Tel. Co.*, 93 N. Y. 162; *Nauss* v. *Nauss Bros. Co.*, 195 App. Div. 318; *Hastings* v. *International Paper Co.*, 187 App. Div. 404; 4 White on New York Corporations [12th ed.], § 58, par. 48.01, p. 62). No such misconduct appears in the complaint. The allegation in paragraph eleventh of the complaint that Miss Clara L. Macbeth is the owner and holder of a majority of the stock of the company " and has been and is in control of its affairs ", is a conclusion which does not, in this court's opinion, justify the inference of wrongdoing charged to the defendants.

While the merits or ultimate success of a claim are not considered in determining the sufficiency of a complaint (*Potter* v. *Emerol Mfg. Co.*, 275 App. Div. 265), and section 275 of the Civil Practice Act requires its liberal construction with a view of substantial justice between the parties, conclusory statements cannot be utilized to supply material facts by inference (*Didier* v. *Macfadden Publications*, 299 N. Y. 49). A good complaint must contain a plain and concise statement of material facts upon which the party pleading relies (Civ. Prac. Act, § 241), and omissions cannot be supplied in briefs. If, as suggested in the plaintiffs' memorandum, the directors are withholding the distribution among the stockholders of large amounts of deferred dividends to serve the personal interests of a majority stockholder, the facts thereof should be pleaded in the complaint and not left to argument and conjecture; and if in disregard of the rights of the stockholders the management

was continuing the existence of the corporation for a purpose essentially different than that for which it was organized, and for the sole benefit of those in control, that should be stated in the complaint; and if for such reason the plaintiffs desire the dissolution of the corporation, a cause of action of that nature should be alleged (*Kroger* v. *Jaburg*, 231 App. Div. 641; *Lennan* v. *Blakeley*, 273 App. Div. 767, affg. 72 N. Y. S. 2d 901). This the plaintiffs have not done.

If a party could recover upon a theory not alleged in the complaint, pleadings would serve no useful purpose. " ' The rule that judgment should be rendered in conformity with the allegations and proofs of the parties, " *secundum allegata et probata*," is fundamental in the administration of justice. Any substantial departure from this rule is sure to produce surprise, confusion and injustice.' " (*Lamphere* v. *Lang*, 213 N. Y. 585, and the authorities cited at p. 588.)

It follows that the motion is granted, with leave to the plaintiffs to plead over within twenty days after the service of a copy of the order to be entered hereon.

Submit order.