In the Matter of SAMUEL P. COHEN et al., Petitioners, against HAROLD J. McLAUGHLIN, as One of the Justices of the Municipal Court of the City of New York, et al., Respondents.

Supreme Court, Special Term, Kings County, July 12, 1950.

*Samuel P. Cohen,* in person, for petitioners.

*Nathaniel L. Goldstein, Attorney-General (Emory Gardiner* of counsel), for respondents.

HART, J. In this proceeding, pursuant to article 78 of the Civil Practice Act, petitioners landlords seek an order to compel a Justice of the Municipal Court and the clerk of that court to issue a warrant of eviction in a summary proceeding to recover possession of an apartment.

The pertinent facts are as follows: Petitioners landlords instituted a summary proceeding against the tenant for nonpayment of rent for the month of February, 1950. Upon default of the tenant in appearance, a final order and warrant of dispossess were issued. On March 16, 1950, a city marshal served notice upon the tenant that he would execute a warrant of dispossess within the following twenty-four hours. On that same day, March 16, 1950, the tenant moved by order to show cause, returnable March 20th, to vacate the final order and warrant on the ground that he had not been served with the precept and petition. After the traverse was heard, tenant's motion to

vacate the warrant was granted " provided tenant pays two months rent plus $10 costs — five days stay. Otherwise motion denied."

Upon an appeal from the latter order, the Appellate Term of the Supreme Court, Second Department, reversed the lower court and reinstated the final order. In its memorandum decision the Appellate Term stated: " Order unanimously reversed upon the law with $10 costs to landlords, motion denied with $10 costs and final order dated March 14, 1950 reinstated. Upon the record it clearly appears that the default was neither inadvertent nor excusable, and that there is no defense to the summary proceeding. Under the circumstances it was an improvident exercise of discretion to grant the motion (*Scordo* v. *Terrell,* 275 App. Div. 940)."

Thereafter the petitioners applied to the Municipal Court for a warrant of eviction, but the clerk of the court where the proceeding was pending refused to issue such warrant, pursuant to a direction of Mr. Justice McLaughlin presiding over that court, on the ground that the rent upon which the proceeding was based had been paid.

The refusal to issue the warrant of eviction is predicated upon the enactment of the Residential Rent Control Law (L. 1946, ch. 274, as amd. by L. 1950, ch. 250, eff. May 1, 1950), and the Rent and Eviction Regulations duly promulgated thereunder by the Temporary State Housing Rent Commission (§ 51, subd. 1), which provide in effect that after May 1, 1950, no tenant who has paid the rent to which the landlord is entitled can be evicted from any housing accommodations (except under conditions not here material). In other words, it is contended that the deposit in court by the tenant of the rent pursuant to the order of March 20th constituted such payment prior to May 1st as to prohibit his eviction.

I am unable to agree with such contention. The payment into court was a condition precedent to the granting of the order of March 20th which vacated the warrant originally issued. The reversal of said order by the Appellate Term and the reinstatement of the final order of March 14th nullified such payment. Under the circumstances the statute and regulations relied upon are not applicable and cannot be invoked to deprive the landlords of their right to a warrant of eviction under the applicable provisions of the Civil Practice Act (Civ. Prac. Act, §§ 1432, 1435). Accordingly, the petition is granted. Settle order on notice.