ROSE HIRSCH, Landlord, *v.* MICHAEL RAYMOND et al., Tenants.

Municipal Court of the City of New York, Borough of Brooklyn, April 6, 1951.

*Charles A. Hirsch* for landlord.

*Michael Raymond* and *Lillian Raymond,* tenants in person.

HERZKA, J. This is a summary proceeding for nonpayment of rent. The tenant has deposited the arrears without costs. The landlord now moves for an order directing the clerk to enter a final order and to issue a warrant thereon.

The motion is granted to the extent of directing that the final order be prepared and submitted to the court determining the amount of rent due plus the costs of the proceeding. While the clerk had no right to refuse the arrears, the tender of rent without costs was insufficient. (*Cunningham* v. *Hragyil,* 90 N. Y. S. 2d 164; *Amazon Management Corp.* v. *Abokrek,* 183 Misc. 204.) The landlord is entitled to the sum now on deposit and execution may issue for the collection of the costs.

That portion of the motion which requests an order directing the clerk to issue a warrant is denied. While it is true that before the enactment of the State Residential Rent Law a deposit of rent without costs did not stay the issuance of a

warrant dispossessing a tenant, the State Residential Rent Law now provides (§ 5) : '' So long as the tenant continues to pay the rent to which the landlord is entitled, no tenant shall be removed from any housing accommodation with respect to which a maximum rent is in effect pursuant to this act ''. (L. 1950, ch. 250, as amd. by L. 1951, ch. 443.)

It has been held that a similar provision in the former Office of Price Administration regulations operated to stay the issuance of a warrant for costs. (*Carroll* v. *Joyce,* 267 App. Div. 942.)