**80**

In the Matter of SAM DOCH, Petitioner, against JOHN F. O'CONNELL et al., Constituting the State Liquor Authority, Respondents.

Supreme Court, Special Term, Bronx County, October 8, 1951.

CROSS MOTION by respondent to strike out petition for insufficiency in law and to strike out allegations of petition.

*Demarest J. Hahn* for petitioner.

*Alvin McKinley Sylvester* and *Harry F. Karst* for respondents.

MATTHEW M. LEVY, J. This is a proceeding brought on by petition and affidavits and order to show cause, to vacate the determination of the New York State Liquor Authority which denied petitioner's application for a vendor's beer license. Eight days after service by mail of an amended petition, and two days before the date fixed for the hearing thereon, the respondents mailed a notice to petitioner's attorneys of intention

to move, at the hearing, for an order striking certain paragraphs from the amended petition on the alleged grounds that they were irrelevant, immaterial and redundant, and that they did not contain a plain and concise statement of the material facts, and that they were otherwise unjustly designed to prejudice and embarrass the respondents in obtaining a fair and impartial review of the issue involved in this proceeding. Alternative relief was requested by respondents, praying for a dismissal of the amended petition on the alleged ground that it did not conform with the requirements of section 1288 of the Civil Practice Act, presumably because it purportedly failed to contain a plain and concise statement of the material facts upon which the petitioner relied. Finally, the respondents asked that, in the event their motion in chief is denied, they be given leave to answer the amended petition.

At the outset, the petitioner objects to judicial consideration of the respondents' cross motion, and urges its dismissal because service was not timely. No initial order to show cause was applied for by the respondents or obtained from the court authorizing the meagre notice that was given, and no factual excuse or justification is now presented by the respondents to warrant the court in permitting *nunc pro tunc* such seemingly inadequate advance information of the respondents' attack upon the petitioner's proceeding. Is there any warrant in law allowing such short notice? Neither party has presented any precedent on the issue, and the court has been unable to find any.

The applicable provisions of the Civil Practice Act and the Rules of Civil Practice are rule 60, sections 117 and 164, and sections 1291, 1293, 1294, and 1306. Article 78 of the Civil Practice Act governs the practice and procedure applicable to the present proceeding. And, pursuant to section 1306 of the Civil Practice Act, a part of article 78, " the provisions of statute and rule applicable to practice or procedure in an action apply to the proceeding under this article so far as such provisions can be applied to its substance and subject matter without regard to its form " and where it is not " otherwise expressly or by plain implication prevented by " the provisions of article 78.

Section 1293 of the Civil Practice Act provides that " The respondent may raise an objection in point of law warranting the dismissal of the petition, by setting the objection forth in his answer or by applying to the court on the return day for an order dismissing the petition as a matter of law. If the respondent intends to apply for such an order, he shall serve notice thereof upon the petitioner within the time allowed for answer-

ing." Section 1291 provides that "At least two days prior to the return day, unless a different time is fixed in the order to show cause, the respondent shall serve upon the petitioner, and file with the clerk of the court, a verified answer." I hold therefore that insofar as the respondents seek to dismiss the petition by raising in their notice of motion objections in point of law, service of the notice had to be "at least two days prior to the return day" (which was "within the time allowed for answering") and, since the notice was mailed, three days had to be added to that (Civ. Prac. Act, § 164). The service here was obviously insufficient and consequently so much of the respondents' motion as is based on objections in point of law is dismissed.

Insofar, however, as the respondents gave notice to strike certain allegations from the petition, the matter of time required for service of such notice is not thereby resolved. Section 1294 of the Civil Practice Act provides that the respondent in an article 78 proceeding "may *request* the court to correct any omissions or defects in the papers or to strike out any parts of the same upon the ground that they are not relevant or material to the issues or that they are redundant or scandalous." (Italics supplied.) No precise time is fixed in the statute as to when notice of intention to make such request must be served on the petitioner. It is argued by the respondents that no notice whatsoever is required, and that on the return day all that is necessary is for the respondent to "request" the relief desired.

At page 61 of the 1950 supplement to Volume 6 of Wait on New York Practice, the author expresses the view, with respect to the time element involved in invoking section 1294 of the Civil Practice Act that "It would seem that these corrections and changes in the papers might be made by the court on oral motion upon the return day." No authority is cited by the learned textbook writer — either by way of pre-enactment discussion, legislative history, statute or judicial precedent. This section "provides for the proceedings under this article the remedy available in actions under Rules 102 and 103 of the Rules of Civil Practice" (See Comment on proposed section 1294, Third Annual Report of N. Y. Judicial Council, 1937, pp. 129, 187, "Proposed Simplification of the Remedies of Certiorari, Mandamus and Prohibition"). Rule 102 provides for a motion to correct a pleading and rule 103 provides for striking out matter contained in a pleading — and these are the rules, in substance, which are invoked by the respondents in this phase of their present attack on the amended petition. Had the Legislature intended that a

party may " request " the court at any time and without notice to correct any omissions or defects in the papers or to strike out any parts of the same, it could and would undoubtedly have so stated. I do not think that the " request " of the court to strike may be made without any notice whatsoever. To hold otherwise would certainly seem to do violence to the general plan established in the Civil Practice Act and Rules for due and proper notice to one's adversary of any preliminary or intermediate application expected to be made to the court. But no notice is not the same as short notice. Some notice, in my view, must be given — and the question here is, how much notice is required as a condition precedent to judicial jurisdiction in the premises?

The petitioner urges that since no time is specified for the notice in section 1294, the normal time schedules specified in the Civil Practice Act and Rules govern (Civ. Prac. Act, § 1306). Rule 60 provides for at least five days' notice of motion " in an action or proceeding," and pursuant to section 117 a cross motion must be made on three days' notice prior to the time at which the original motion is noticed to be heard, and as required by section 164, where the mails are used for service of the notice of motion, three days must be added. (Of course, these time provisions are absent an order to show cause, which may shorten the notice required.)

Without question, the judicial process works best in an atmosphere of calm as distinguished from strain and haste, of adequate notice as distinguished from surprise, with sufficient preparation pro and con on the part of each contesting counsel, and with genuine opportunity on the part of the court for deliberation and reflection. That is the ideal devoutly to be wished, and is to be striven for where at all possible. Undoubtedly, however, when article 78 is considered as a whole, the legislative intent becomes clear that promptness and speed are desired (Third Annual Report of N. Y. Judicial Council, 1937, pp. 129–198). Thus it is that a final hearing on the merits may be had on only eight days' notice or less if allowed by the court (Civ. Prac. Act, § 1289), and, as has been seen, the respondent does not have twenty days within which to answer or move as in ordinary matters (Civ. Prac. Act, § 263, Rules Civ. Prac., rules 105, 106, 107, 109, 110). Taking into consideration the plan of speed indigenous to article 78 proceedings, I would not suppose that normal procedural time requirements can apply with calendar precision here. I therefore conceive the word " request " as used in section 1294 — as differentiated from

the words " applying to the court * * * for an order ", as used in section 1293 — to have been intended somewhat in the nature of a word of art to distinguish the time and procedure involved from that in an ordinary action or proceeding, or from that involved in an article 78 proceeding in which the preliminary problem is an objection noticed to the petition in point of law.

The Legislature apparently left it to the court, when section 1294 is involved, to determine the adequacy of the notice required in each case. While I do not care to sanction, as a matter of routine practice, the technique of waiting until the last moment to disclose prospective aggressive procedures, and of giving the shortest notice possible — not alone because it is not cricket, but because due notice is of the essence of adversary process and an essential aid to judicial thinking and just determination — I must hold that, in the circumstances of the case at bar, the notice was sufficient.

It is therefore incumbent upon me to examine the amended petition to ascertain whether the allegations objected to are, as claimed by the respondents, irrelevant, immaterial or redundant or are otherwise unjustly designed to prejudice and embarrass the respondents in obtaining a fair and impartial judicial review of the issues involved. This I have done, and I do not agree that paragraphs 7 through 15 of the petition — which are the ones attacked — are objectionable. It may be that the petition is not as artistically drawn as others may desire, but it is sufficiently plain and concise to raise the fundamental issue — whether under the material facts alleged the determination should be · annulled — and the allegations are not irrelevant, immaterial or redundant, and they will not preclude a fair and impartial review by the court of the determination of the respondents.

The respondents, in their memorandum, say that they will " not burden the court with a page by page analysis of the objectionable features of the paragraphs sought to be stricken." That is unfortunate because the court should not be expected to pick out an allegation here and an allegation there to which the respondents may base their serious objections. The respondents have requested the court to wield a judicial axe and to chop chips from the petitioner's pleading, and they should have been more precise in pointing out just what is deemed by them to be horrendous. The very dispatch desired in coming to issue in a proceeding such as this — to which thesis I adverted earlier — inclines me to the view that technical applications to strike from

a petition should be sparingly granted, and only when obvious harm will result to the moving party unless granted. Here, there has already been a successful similar attack by respondents on the first petition, and the amended petition has been served in compliance with an earlier direction of the court. The matter should be heard on the merits.

The cross motion is denied, the respondents are permitted to serve an answer within six days after the service of a copy of the order entered hereon, and the application may be restored to the motion calendar for hearing upon eight days' notice. Orders signed.