In the Matter of 609 HOLDING CORP., Petitioner, against MARTIN
J. BURKE et al., Respondents.

Supreme Court, Special Term, Bronx County, October 20, 1952.

*Benjamin Etzkowitz* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Irving L. Rollins* of counsel), for respondents.

MATTHEW M. LEVY, J. The petitioner makes application under article 78 of the Civil Practice Act for an order in the nature of a mandamus to compel Martin J. Burke, Clerk of the Municipal Court of the City of New York, Borough of Bronx, Second District, and Hon. VINCENT M. TRIMARCO, a Justice of the Municipal Court of the City of New York, to issue a final order in favor of the petitioner as landlord in a summary proceeding

instituted by it in that court to recover possession of real property, and awarding a warrant to dispossess the tenant in such premises, and for such other relief as may be just and proper. By cross motion the respondents seek, pursuant to section 1293 of the Civil Practice Act, to dismiss the mandamus petition upon the ground that it fails to state facts sufficient to entitle the proponent to the relief prayed for or to any other relief. This motion by the respondents is by notice only; no affidavits are submitted in support thereof. Thus, the sole issue before the court is whether the petition, on its face, is sufficient in law.

The petition before me alleges the following facts: That petitioner, 609 Holding Corp., is a corporation organized under the laws of the State of New York and is the owner of premises No. 785 Tinton Avenue, Bronx, New York; that respondent Burke is the clerk of the Municipal Court of the City of New York, Borough of Bronx, Second District, and that respondent TRIMARCO is a Justice of the Municipal Court of the City of New York, and is a sitting Justice of the Second District, Bronx; that on June 6, 1952, petitioner filed with said clerk a verified petition, dated June 5, 1952, instituting a summary proceeding in said court against the tenant Pereria, who occupied an apartment in the aforesaid premises, for the nonpayment of rent of $42 for the month of June, 1952 (alleged to be '' the maximum rent under the [emergency housing rent-control] statute ''), and the said clerk issued a precept upon payment of his fee. It is alleged further that, on June 6, 1952, the petition and precept in the Municipal Court were personally served upon the tenant, and that the affidavit of service with the precept was duly filed, and that the tenant did not appear or answer. The petition before me further alleges that on June 23, 1952, the tenant deposited with the respondent clerk the sum of $42 and failed to deposit disbursements of $3.50 '' as required by statute, namely Sec. 1435 of the C.P.A.'' Nothing else is alleged in the petition, except that in paragraph 8 thereof, it is stated that '' the petitioner refused to accept the sum as deposited and demanded the required disbursements and demanded that a final order be issued in favor of the petitioner, which was refused ''. Upon these allegations, the petitioner asks this court to direct the respondents to issue a final order in petitioner's favor in the summary proceeding in the Municipal Court, and to issue a warrant of eviction upon the nonpayment of the costs by the tenant.

For the purposes of this application, the allegations of facts of the petition are deemed to be true and admitted, insofar as relevant and material on the questions upon which I am to pass. However, allegations of legal conclusions not sustained by facts set forth in the petition, or conclusions of the petitioner formed upon its own conception of the matter before the court, are not to be taken as true. (*Matter of Hines* v. *State Bd. of Parole,* 293 N. Y. 254, 258; *Pullman Car Co.* v. *Missouri Pacific Co.,* 115 U. S. 587, 596; *Bonnell* v. *Griswold,* 68 N. Y. 294; *Bogardus* v. *New York Life Ins. Co.,* 101 N. Y. 328.) In this connection, I note that bare allegations of wrongdoing and of the duties of the respondents are conclusions of law, and unless the petition alleges the necessary facts constituting the claimed wrongdoing or duty, the petition is defective (*City of Buffalo* v. *Holloway,* 7 N. Y. 493; *O'Brien* v. *City of Rome,* 262 App. Div. 940; *Gerdes* v. *Reynolds,* 281 N. Y. 180). Moreover, the petition must show that the petitioner is under a grievance or injury which the granting thereof would remedy, that it is entitled to that remedy and has a clear legal right thereto, that such right is legally demandable from the respondents, that they still have it within their power to perform the duty required, that they have refused or failed to perform the duty sought to be enforced, and that the petitioner has performed whatever is required to be done by it as a condition precedent to the right demanded (*Matter of Whitman,* 225 N. Y. 1; *Matter of Burr* v. *Voorhis,* 229 N. Y. 382; *Matter of Fahey* v. *Wright,* 256 App. Div. 474).

An examination of the petition readily reveals that it is insufficient in law and, accordingly, must be dismissed. In my opinion, the petition is defective both in form and substance.

As to form, the petition must allege that demand was made on the respondents or either of them to issue the final order sought to be compelled in this proceeding; that the respondents refused to comply with such demand; and that the respondents omitted the performance of any duty specifically enjoined by law. Nowhere in the petition does it appear that an application to or demand of the respondents, or either of them, was made by the petitioner for the final order here sought or for any other final order. The allegation of the petition contained in paragraph 8 above quoted is general, refers to no specific official, and certainly not to the respondents, and is conclusory. It may not be inferred from that allegation that proper demand was made of the respondents and that they refused. Inasmuch

as it does not appear from the face of the petition that the respondents or either of them refused or failed to perform the duty sought to be enforced and that the petitioner has performed whatever was to be done by it as a condition precedent to the right demanded, i.e., due application to the respondents for a proper final order in the summary proceeding, the petition must fall.

On the argument, the petitioner asked leave to substitute reference to sections 1430 and 1431 of the Civil Practice Act, in place of section 1435 as referred to in the petition, and also to allege that specific demand was made of the respondents and each of them. The petitioner's attempt, over the objection of the respondents, thus to correct the defects and omissions of the petition by seeking on the argument to supply or state material or necessary facts (omitted from the petition) is ineffective (*Reid* v. *Long Is. Bond & Mtge. Guar. Co.*, 198 Misc. 460, affd. 277 App. Div. 888). Section 1294 of the Civil Practice Act, cited by petitioner for that purpose, permits correction of defects in papers — but only on motion and notice (*Matter of Doch* v. *O'Connell*, 201 Misc. 80, 82). If, however, I felt that the proposed amendment would make the petition sufficient in substance, I would, upon granting the respondents' cross motion to dismiss for insufficiency, give leave to petitioner to serve an amended petition. I have, therefore, undertaken to study the legal efficacy of the petition as if it were amended in the respects desired.

That the petition must quite evidently be dismissed on the merits as against the respondent Burke is clear. Under section 1430 of the Civil Practice Act, a final order in a summary proceeding must be made by the justice and not the clerk of the court. It is only after the final order to that effect is made by the justice that the clerk may sign and issue the warrant to dispossess (see N. Y. City Mun. Ct. Code, § 6, subd. 2). Since no such final order has been made in the summary proceeding, the petition must be dismissed as against the respondent Burke because he is without power or authority to make a final order as requested or to issue the desired warrant unless directed by the justice presiding in an appropriate order to do so. This cannot be cured by amendment of the petition, because in no event can the clerk of the court be compelled to issue or make a final order or issue a warrant without it. That is not his legal duty or appropriate function or permissible act. Since the defect of insufficiency cannot be remedied insofar as the respond-

ent Burke is concerned, the petition is dismissed as against him without leave to amend or plead over (*Business Advisory Bureau* v. *Stallforth,* 262 App. Div. 162, affd. 289 N. Y. 792; *Strauss* v. *Midtown Enterprises,* 60 N. Y. S. 2d 601, affd. 270 App. Div. 837).

The issue as to the respondent TRIMARCO is on another footing. As a Justice of the Municipal Court, presumably duly presiding by assignment in the Second District, Bronx, in the proper term and part of the court, he does have the power, and upon due demand, must make the appropriate final order. The first question before me is, does the remedy of mandamus under article 78 of the Civil Practice Act lie — and if so should that relief be granted — to compel the respondent TRIMARCO to issue the final order desired by the petitioner? It is now axiomatic, as so succinctly expressed in *Toscano* v. *McGoldrick* (300 N. Y. 156, 160) that " Mandamus is a special remedy available to enforce a clear right (*People ex rel. McCabe* v. *Matthies,* 179 N. Y. 242) which in its application is discretionary with the court (*Matter of Black* v. *O'Brien,* 264 N. Y. 272)." The second and fundamental question is, must this respondent make a final order of eviction when the tenant has deposited the consensual or statutory rent but not the statutory costs? I shall first discuss this latter problem because the answer to the remedial question will then be more easily resolved.

Section 1430 of the Civil Practice Act provides that where a landlord is successful in a summary proceeding for nonpayment of rent, the court must make a final order in his favor, and that the costs of the proceeding must be awarded to him. Section 1431 sets forth the amount of such costs (*Mt. Hope Holding Corp.* v. *Tober,* 136 Misc. 826), and the manner of their collection. Section 1432 provides for the issuance of a warrant to dispossess where the final order is in favor of the landlord. Section 1435, among other things, states that, at any time before a warrant is issued, a tenant may " stay the issuing thereof and also stay an execution to collect the costs " by " depositing the amount of the rent due   *   *   *   and the costs of the special proceeding, with the clerk of the court ".

Prior to the enactment of the emergency housing rent legislation, the courts had held that the tenant who is ordered to be dispossessed for nonpayment of rent must deposit not alone the rent but the costs as well in order to stay the eviction (*Browning, King & Co.* v. *Chamberlain,* 210 N. Y. 270, 273; *Fifth Ave. Investment & Improvement Co.* v. *Bounsignore*

*Realty Co.,* 75 Misc. 651; *Matter of Ehrlich* v. *Cassidy,* 243 App. Div. 786; *Amazon Management Corp.* v. *Abokrek,* 183 Misc. 204). But (as will be seen) that does not necessarily seem to be the law today in relation to any housing accommodation with respect to which a maximum rent is in effect pursuant to the New York State Residential Rent Law (L. 1946, ch. 274, as amd. by L. 1951, ch. 443). In this connection section 5 of that act provides that " So long as the tenant continues to pay the *rent* to which the landlord is entitled ", he shall not " be removed * * * by action to evict or to recover possession, by exclusion from possession, or otherwise ". (Italics mine.) (See, also, Rent and Eviction Regulations of Temporary State Housing Rent Commission, § 51, eff. March 15, 1951, as amd.)

It will of course be noted that section 1435 of the Civil Practice Act speaks of " deposit " while section 5 of the State Residential Rent Law speaks of " payment ". For the purposes of correlating and construing these statutes, deposit with the clerk of the court of the correct amount due is necessarily tantamount to payment to the landlord. (*Browning, King & Co.* v. *Chamberlain,* 210 N. Y. 270, 273, *supra*; *Montrose Farms* v. *Rogerson,* 183 N. Y. S. 34; *Levy* v. *Winkler,* 59 Misc. 482.) The only issue therefore is, what is the precise amount due — that is, how much must be deposited or paid — the rent alone or the rent plus costs?

The effect of the recently enacted emergency legislation, as I see it, is to suspend temporarily any conflicting provisions of then existing law, including the Civil Practice Act and Municipal Court Code, dealing with summary proceedings. Under the present emergency, the tenant may, at any time before the warrant to dispossess is issued, deposit the rent with the clerk, and by so doing prevent the issuance of the warrant of eviction; and if the costs are not deposited, the landlord is entitled merely to the issuance of execution for the collection thereof — not to dispossession. (*Hirsch* v. *Raymond,* 199 Misc. 840.) Therefore, if the rent is deposited with the clerk before the making of the final order, that order may determine only the amount of rent due, award judgment for costs and direct that execution issue thereon, but may not direct the issuance of a warrant to dispossess. Payment of rent to the clerk bars the issuance of the warrant, and under such circumstances the justice of the court cannot be compelled to make an order directing the issuance of the warrant (*Carroll* v. *Joyce,* 267 App. Div. 942). That is the precise situation in the case at bar.

I have not been cited any cases to the contrary. I did find some opinions that were seemingly so. *Matter of Jasgold Realty Corp* v. *De Stefano* (280 App. Div. 772) is not conclusive because there the mandamus proceeding was instituted against the clerk of the court to compel ministerial compliance with the Justice's directions as contained in the final order. For the same reason, and also because the impact and effect of the State Residential Rent Law upon section 1435 of the Civil Practice Act do not seem to have been discussed or considered, *Matter of Bernklau* (106 N. Y. S. 2d 548) is distinguishable. In *Cohen* v. *McLaughlin* (198 Misc. 528) the basis for the decision was that there was no valid and effective payment of the rent as such. In the case at bar, there is no claim or proof that the tenant has willfully, unjustifiably or inexcusably compelled this landlord to institute repeated proceedings because of nonpayment of rent; in such case the tenant should not be able to act with impunity or render the landlord without remedy. If the law at present does not suffice to give the needed protection (cf. *Matter of Sanfilippo* v. *Coster,* 91 N. Y. S. 2d 738), relief may be obtained from the Legislature.

In the light of the foregoing, it is quite obvious to me that the petitioner has no clear legal right to the remedy sought, nor can the remedy be demanded of the respondent TRIMARCO. And it must certainly be apparent, even to the petitioner, that the question is at least not free from doubt. That a deposit of the rent alone would not effectuate a stay of eviction seems to have been settled, at least prior to the enactment of the emergency rent laws. But it cannot be said that the law is crystal clear on the subject today. While the matter is not one for judicial discretion in each case, the Municipal Court Justice who is called upon to rule on the question has not been mandated by any precise statute or binding precedent as to what the present rule truly is. Consequently, he must exert judicial judgment in order to make a proper decision as to the correct law on the question. But even were the respondent TRIMARCO's determination legally wrong, I should not, in this proceeding, compel him to act differently. " It is undoubtedly true that a mandamus will lie to compel an inferior tribunal to decide an action or proceeding pending before it; but where the court or judge or justice disposes of the proceeding by decision, even though such decision be manifestly erroneous, it cannot be reviewed upon mandamus " (*Matter of McBride* v. *Murray,* 72 Hun 394, 395). The distinction is between a direction to

*act* and a command as to *how* to act; and erroneous actions may be adequately reviewed on appeal (N. Y. City Mun. Ct. Code, § 154; Civ. Prac. Act, § 1285).

The petition is accordingly dismissed as against the respondent TRIMARCO as well, and, since the petitioner stated on the argument that this is in the nature of a test case and that what it seeks is a direction for a final order for eviction for non-payment of costs, and not for a final order providing for normal execution for costs, I shall not grant leave to amend. Thus, the motion in No. 55 is denied, and the motion in No. 56 is granted, and the petition and the proceedings are dismissed on the merits.